**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SYMANTEC CORPORATION,<br><br>　　　　　Defendant. | Civil Action No. 3:13-cv-808 |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT SYMANTEC CORPORATION'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

I.    STATEMENT OF FACTS ........................................................................................2

        A.    Columbia's Original Complaint...............................................................2

        B.    Columbia's First Amended Complaint ....................................................2

                1.    Columbia's Newly Asserted Claims..........................................3

                2.    The Facts Pled in the FAC are Nearly Identical to Those in the Original Complaint ......................................................................3

II.    ARGUMENT ............................................................................................................4

        A.    New York Law Governs Columbia's State Law Claims .........................5

        B.    The Court Should Dismiss Columbia's Claim for Conversion .............6

                1.    Conversion of Intangible Property is Not Actionable.................6

                2.    The Conversion Claim is Also Preempted by Federal Patent Law.............7

        C.    The Court Should Dismiss Columbia's Claim for Unjust Enrichment Because It is Preempted By Federal Patent Law ......................................9

        D.    The Court Should Dismiss Columbia's Claim for Fraudulent Concealment Because It is Preempted By Federal Patent Law ..................................12

CONCLUSION....................................................................................................................14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Airlines Reporting Corp. v. Pishvaian*,
  155 F. Supp. 2d 659 (E.D. Va. 2001) ...................................................................5

*Allison v. Continental Cas. Ins. Co.*,
  953 F. Supp. 127 (E.D. Va. 1996) ........................................................................4

*Archie Comic Publ'ns, Inc. v. DeCarlo*,
  141 F. Supp. 2d 428 (S.D.N.Y. 2001) ..................................................................9

*Ardis Health, LLC v. Nankivell*,
  No. 11-cv-5013, 2012 WL 5290326 (S.D.N.Y. Oct. 23, 2012).............................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................4, 11

*Auburn Univ. v. IBM*,
  No. 09-cv-694, 2009 U.S. Dist. LEXIS 104310 (M.D. Ala. Nov. 9, 2009) ............8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................4, 8

*Berman v. Sugo LLC*,
  580 F. Supp. 2d 191 (S.D.N.Y. 2008) ..................................................................6

*Bonita Boats, Inc. v. Thunder Craft Boats, Inc.*,
  489 U.S. 141 (1989)...........................................................................................12

*Brown v. Brown*,
  No. 13-03318, 2013 WL 5947032 (N.D. Cal. Nov. 5, 2013) ................................7

*Buttner v. RD Palmer Enter., Inc.*,
  No. 13-cv-0342, 2013 WL 6196560 (N.D.N.Y. Nov. 27, 2013)............................6

*Cole v. Gummow*,
  No. 3:02-cv-0705, 2003 WL 22455387 (N.D. Tex. Oct. 22, 2003) .....................14

*Dreher v. Budget Rent-A-Car Sys., Inc.*,
  272 Va. 390 (2006) ..............................................................................................5

*Francis v. Giacomelli*,
  588 F.3d 186 (4th Cir. 2009) ................................................................................8

*Gen. Elec. Co. v. Wilkins*,
  No. 1:10-cv-00674, 2011 WL 3163348 (E.D. Cal. June 26, 2011) ..................5, 10

*Golden Pac. Bancorp v. FDIC*,
  273 F.3d 509 (2d Cir. 2001)..................................................................................9

*Harley v. Nesby,*
  No. 08-cv-5791, 2012 WL 1538434 (S.D.N.Y. Apr. 30, 2012) ............................................7

*Harris v. Lexjet Corp., A. 3:09-CV-616,*
  2009 WL 4683699 (E.D. Va. Dec. 3, 2009) ...................................................................8

*Hunter Douglas, Inc. v. Harmonic Design, Inc.,*
  153 F.3d 1318 (Fed. Cir. 1998)....................................................................................4

*Insteel Indus., Inc. v. Costanza Contracting Co., Inc.,*
  276 F. Supp. 2d 479 (E.D. Va. 2003) ..........................................................................5

*Jogani v. Superior Court,*
  165 Cal. App. 4th 901 (2008) .....................................................................................12

*Levine v. Blue Shield of Cal.,*
  189 Cal. App. 4th 1117 (2010) ..................................................................................12

*McBride v. Boughton,*
  123 Cal. App. 4th 379 (2004) .....................................................................................12

*McKell v. Washington Mut., Inc.,*
  142 Cal. App. 4th 1457 (2006) ..................................................................................12

*Melchior v. New Line Prods., Inc.,*
  106 Cal. App. 4th 779 (2003) .....................................................................................12

*Microstrategy, Inc. v. Netsolve, Inc.,*
  368 F. Supp. 2d 533 (E.D. Va. 2005) ..........................................................................4

*Pritikin v. Liberation Publs., Inc.,*
  83 F. Supp. 2d 920 (N.D. Ill. 1999) ............................................................................8

*Puller v. Unisource Worldwide,*
  No. 3:08-c 2009 WL 331291 (E.D. Va. Feb. 9, 2009)...................................................4

*Quillen v. Int'l Playtex, Inc.,*
  789 F.2d 1041 (4th Cir. 1986) ....................................................................................5

*Smith v. Healy,*
  744 F. Supp. 2d 1112 (D. Or. 2010) .......................................................................5, 7

*Stuart v. LaSalle Nat'l Ass'n*
  3:09-CV-459, 2010 WL 582162 (E.D. Va. Feb. 11, 2010),
  *aff'd,* 405 F. App'x 794 (4th Cir. 2010)............................................................... 11-12

*Sun Gold Corp. v. Stillman,*
  95 A.D. 3d 668 (N.Y. App. Div. 2012)) ........................................................................6

*Swanson v. ALZA Corp.,*
  No. 12-4579, 2013 WL 968275 (N.D. Cal. Mar. 12, 2013) ...........................................12

*Tavory v. NTP, Inc.,*
  297 F. App'x 976 (Fed. Cir. 2008) ...........................................................................4, 13

*Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*,
  No. 7:11–cv–00025, 2013 WL 5492936 (W.D. Va. Oct. 2, 2013)............................................5

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
  411 F.3d 1369 (Fed. Cir. 2005)...................................................................10, 11, 13

*Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*,
  196 F.3d 1366 (Fed. Cir. 1999).........................................................................10, 13

*Waterside Capital Corp. v. Hales, Bradford & Allen, LLP*,
  No. 2:05-cv-727, 2007 WL 2254661 (E.D. Va. Aug. 3, 2007) .................................................5

*Winfield Group, Inc. v. Erie Ins. Group*,
  No. 1:10-cv-1541, 2012 WL 4866451 (N.D.N.Y. Oct. 12, 2012)............................................7

## **Statutes**

28 U.S.C. § 1331 ........................................................................................................2

28 U.S.C. § 1338(a) ...................................................................................................2

28 U.S.C. § 1367 ........................................................................................................3

35 U.S.C. § 1 .............................................................................................................2

35 U.S.C. § 256 ................................................................................................. *passim*

Fed. Rule Civ. Proc. 8(a)(2) .....................................................................................11

Fed. Rule Civ. Proc. 12(b)(6)..............................................................................1, 4, 9

Defendant Symantec Corporation ("Symantec") respectfully requests that this Court dismiss The Trustees of Columbia University in the City of New York's ("Columbia's") Seventh (Fraudulent Concealment), Eighth (Unjust Enrichment) and Ninth (Conversion) counts of its First Amended Complaint ("FAC") (Dkt. 12) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Columbia's claims for fraudulent concealment, unjust enrichment, and conversion are preempted by federal patent law.  Although Columbia attempts to shoehorn a simple set of factual allegations regarding disputed inventorship into a wide variety of legal theories, its three state law claims and its two mirror claims for correction of inventorship under 35 U.S.C. § 256 are all based on the identical allegation that Symantec obtained a patent on technology developed by Columbia, without naming Columbia's researchers as inventors.  Like its correction of inventorship claims, Columbia's state law claims are an attempt to obtain control over Symantec's '643 Patent.  Congress's statutory scheme, however, requires Columbia to obtain such relief *exclusively* through a claim for correction for inventorship brought under 35 U.S.C. § 256.

The FAC does not plead any wrongful acts or harms other than those relating directly to Symantec's rights under the '643 Patent and Columbia's claims to those same rights.  Indeed, Columbia's original complaint only included its federal law claim for correction of inventorship, but the factual allegations and alleged harms supporting its new state law claims in the FAC are nearly identical.

Once the parties have taken discovery and the presiding Court has an available record before it, Symantec will show that Columbia's inventorship claims are meritless.  However, this Court should at this time pare down Columbia's FAC and dismiss the preempted fraudulent

concealment, unjust enrichment, and conversion claims which are improperly adding onto what is simply an inventorship dispute.[1]

## I.     STATEMENT OF FACTS

### A.     Columbia's Original Complaint

Columbia filed its original Complaint on December 5, 2013, alleging infringement of United States Patent Nos. 7,487,544 (the "'544 patent"), 7,979,907 (the "'907 patent"), 7,448,084 (the "'084 patent"), 7,913,306 (the "'306 patent"), and 8,074,115 (the "'115 patent"). (Dkt. 1, Complaint ("Compl.") ¶¶ 1, 42-101.)

The original Complaint also included a claim to correct inventorship for Symantec's U.S. Patent No. 8,549,643 (the "'643 patent").   (*Id.* ¶¶ 3, 102-106.)   Columbia's correction of inventorship claim was predicated on the theory that through years of communication, Columbia disclosed certain technology of Columbia Professors Salvatore Stolfo and Angelos Keromytis to Symantec. (Compl. ¶¶ 27-32.) Columbia alleges that Symantec's Darren Shou improperly used these inventions and filed an invention in his own name. (Compl. ¶¶ 33-41.)   Accordingly, pursuant to 35 U.S.C. § 256, Columbia sought to have Drs. Stolfo and Keromytis named as the sole inventors of the '643 patent, or in the alternative, as joint inventors with Mr. Shou.

The original Complaint was based exclusively on federal question jurisdiction and the Federal Patent Act.   Compl. ¶ 6 (asserting jurisdiction under 35 U.S.C. §§ 1 *et seq.*, 35 U.S.C. § 256, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)).

### B.     Columbia's First Amended Complaint

On December 24, 2013, Columbia filed a First Amended Complaint.  (Dkt. 12, FAC).

---

[1]   Regardless of preemption issues, Columbia's conversion claim must also be dismissed because conversion of intangible property is not actionable under New York law.

1.      **Columbia's Newly Asserted Claims**

In its FAC, Columbia now further alleges infringement of recently issued United States Patent No. 8,601,322 (the "'322 patent"), a continuation of the '115 patent. (FAC ¶¶ 1, 107-118.)  The FAC also modified Columbia's inventorship claim by now alleging separate claims for sole inventorship and joint inventorship. (*Id.* ¶¶ 145-154.)

Finally, the FAC adds claims for fraudulent concealment, unjust enrichment, and conversion stemming from the very set of facts that underlie the inventorship claims.  (*Id.* ¶¶ 119-144.)   The FAC alleges that the Court has supplemental jurisdiction over these new state/common law claims under 28 U.S.C. § 1367, "because they are so related to the claims over which the Court has original jurisdiction, including at least the claim for correction of inventorship, that they form part of the same case or controversy under Article III of the United States Constitution."  (*Id.* ¶ 6.)

2.      **The Facts Pled in the FAC are Nearly Identical to Those in the Original Complaint**

With respect to Symantec's alleged infringement of Columbia's patents, the only new facts added by the FAC relate specifically to the newly added '322 patent – particularly by alleging such basic information as the patent number and title (*id.* ¶ 22), and also by alleging that Symantec had knowledge of that patent (FAC ¶ 28).

Although the FAC adds four new counts (three state claims and an additional count under 35 U.S.C. § 256), the allegations underlying Columbia's claim for correction of inventorship as well as the three state law claims mirroring it (¶¶ 30-46) remain essentially unchanged. Columbia's account of how its "invention" was supposedly patented erroneously by Symantec reads no differently than it did in Columbia's original Complaint.  (*Compare* Dkt. 1 ¶¶ 27-41 *with* FAC ¶¶ 30-46.)  The only new fact that Columbia alleges in this regard is an alleged April

3

1, 2011 communication between Symantec's Darren Shou and Columbia.   (FAC ¶ 42.) Otherwise, Columbia has simply dressed up the same allegations with the trappings of separate state law claims.

## II.    ARGUMENT

A motion to dismiss a complaint under Fed. R. Civ. 12(b)(6) tests the sufficiency of a complaint.  The plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To survive a Rule 12(b)(6) motion, a complaint "requires more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Accordingly, a plaintiff must allege facts that are sufficient to allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Preemption of a plaintiff's claims by state or federal law is a proper ground for dismissal under Rule 12(b)(6).  *See Puller v. Unisource Worldwide*, No. 3:08-cv-813, 2009 WL 331291, at *3-6 (E.D. Va. Feb. 9, 2009) (Spencer, C.J.); *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 535-38 (E.D. Va. 2005); *Allison v. Continental Cas. Ins. Co.*, 953 F. Supp. 127 (E.D. Va. 1996) (Spencer, C.J.).

"Federal Circuit law governs whether federal patent law preempts a state law claim." *Tavory v. NTP, Inc.*, 297 F. App'x 976, 982 (Fed. Cir. 2008).  "If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1335 (Fed. Cir. 1998).

In addition, "[t]he type of relief sought under a state law tort claim is an important factor in preemption analysis." *Gen. Elec. Co. v. Wilkins*, No. 1:10-cv-00674, 2011 WL 3163348, at \*6 (E.D. Cal. June 26, 2011); *Smith v. Healy*, 744 F. Supp. 2d 1112, 1130 (D. Or. 2010).

### A. New York Law Governs Columbia's State Law Claims

New York law governs Columbia's claims for fraudulent concealment, unjust enrichment and conversion. "Virginia applies the doctrine of *lex loci delicti*, meaning the law of the place of the wrong governs all matters related to the basis of the right of the action." *Dreher v. Budget Rent-A-Car Sys., Inc.*, 272 Va. 390, 395 (2006). The same doctrine applies to tort claims, such as conversion claims, which "are [similarly] analyzed under the law of the place of the wrong." *Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*, No. 7:11–cv–00025, 2013 WL 5492936, at \*4 n. 1 (W.D. Va. Oct. 2, 2013) (citations and quotations omitted).

"The place of the wrong is defined as the place where the last event necessary to make an actor liable or an alleged tort takes place, even if the actor has no control over the location of the last event." *Waterside Capital Corp. v. Hales, Bradford & Allen, LLP*, No. 2:05-cv-727, 2007 WL 2254661, at \*4 (E.D. Va. Aug. 3, 2007) (citing *Quillen v. Int'l Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir. 1986)). Specifically, in tort actions in Virginia, "the place of the injury supplies the governing law." *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 663 n. 9 (E.D. Va. 2001). *See also Waterside Capital Corp.*, 2007 WL 225461, at \*4 ("[I]n a fraud case, the last act necessary is the reasonable reliance on the false representation, not the false representation itself, that causes the injury."); *Insteel Indus., Inc. v. Costanza Contracting Co., Inc.*, 276 F. Supp. 2d 479, 486 (E.D. Va. 2003) (for fraud cases, "the place of the wrong is where the loss is sustained, not where the fraudulent representations are made." (citation omitted)).

Because Columbia resides in New York, *see* FAC ¶ 4, and that is where the alleged injuries occurred, *see, e.g.*, FAC ¶¶ 125, 129, 132, 138 141, 144, New York law governs Columbia's fraudulent concealment, unjust enrichment, and conversion claims.

### B.    The Court Should Dismiss Columbia's Claim for Conversion

#### 1.    Conversion of Intangible Property is Not Actionable

Columbia's conversion claim must be dismissed because if Symantec did convert anything (it has not), the only property at issue would be intangible property, and thus non-cognizable in this context.  In New York, "'the conversion of intangible property,' such as ideas, designs, and concepts, 'is not actionable.'"[2]  *Buttner*, 2013 WL 6196560, at *2 (quoting *Sun Gold Corp. v. Stillman*, 95 A.D. 3d 668 (N.Y. App. Div. 2012)); *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 206 (S.D.N.Y. 2008) ("[T]o the extent Counter–Plaintiffs allege conversion of good will or any intangible assets, the claim must be dismissed because a cause of action for conversion of intangible property is not actionable under New York law.").

Close examination of Columbia's FAC reveals that the only allegedly "converted" property is the intangible property Symantec patented in the '643 Patent.  The FAC contains no allegation that Symantec is exercising control or ownership over any tangible property owned by Columbia.

Apparently recognizing the deficiencies in its conversion claim, Columbia makes a number of threadbare assertions that seem to paint its conversion claim as though it concerns tangible property.  For example, in paragraphs 140 and 141 of the FAC, Columbia asserts that it was "the owner of materials and technology, and the disclosures merged therein," and that these

---

[2]   Under New York law, "the tort of conversion . . . requires: (1) legal ownership or an immediate superior right of possession to a specific identifiable thing; (2) over which a defendant has exercised an unauthorized dominion; (3) to the exclusion of plaintiff's rights."  *Buttner v. RD Palmer Enter., Inc.*, No. 13-cv-0342, 2013 WL 6196560, at *2 (N.D.N.Y. Nov. 27, 2013).

were "prepared and delivered to Symantec."   Columbia makes no allegation, however, that Symantec has taken possession or asserted ownership over anything tangible that belongs to Columbia.   And it becomes clear from reading the second half of paragraph 141, combined with the entirety of paragraph 142 of the FAC, that the only thing allegedly converted was the intangible property, (*i.e.*, the idea), that is the subject of the '643 Patent, not anything tangible.

Because Columbia has alleged only conversion of intangible property, which is not actionable under New York law, its conversion claim should be dismissed.  *See Winfield Group, Inc. v. Erie Ins. Group*, No. 1:10-cv-1541, 2012 WL 4866451, at *4  (N.D.N.Y. Oct. 12, 2012) (rejecting plaintiff's unsupported assertions that converted property is tangible and finding that "because they are intangible property, a claim of conversion does not lie here").  *Cf. Harley v. Nesby*, No. 08-cv-5791, 2012 WL 1538434, at *5 n. 10 (S.D.N.Y. Apr. 30, 2012) ("Notably, if plaintiff sought conversion because Vaughn allegedly stole the copyright or the CD that contained the master recording for which plaintiff held the copyright, plaintiff would have a claim for conversion. However, a claim for conversion of a copyrighted work is one for conversion of intangible property, which may not lie under New York law.").

### 2.      The Conversion Claim is Also Preempted by Federal Patent Law

Columbia's conversion claim should be dismissed for the separate and additional reason that it, too is based exclusively on Columbia's contention that Keromytis and Stolfo were omitted as inventors on the '643 Patent.   It is well established that such conversion claims are preempted by federal patent law.  *See, e.g.*, *Brown v. Brown*, No. 13-03318, 2013 WL 5947032, at *7 (N.D. Cal. Nov. 5, 2013) ("Because plaintiff's conversion claim is based on his contention that he was improperly omitted as an inventor on the sink utility patent, plaintiff's conversion claim as pled is preempted."); *Smith v. Healy*, 744 F. Supp. 2d 1112, 1130 (D. Or. 2010) (finding that a "proposed conversion claim would be preempted by patent law" because it "does not

concern Plaintiffs' tangible property but rather their intangible idea."); *Auburn Univ. v. IBM,* No. 09-cv-694, 2009 U.S. Dist. LEXIS 104310, at *5–13 (M.D. Ala. Nov. 9, 2009) (dismissing state law conversion claim challenging the proper inventorship of two patents because of preemption by federal patent law); *Pritikin v. Liberation Publs., Inc.*, 83 F. Supp. 2d 920, 923 n.1 (N.D. Ill. 1999) (conversion claim preempted where "the plaintiff alleges only the unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work").

In paragraph 142 of its FAC, which is part of its conversion count, Columbia focuses on the allegation that "Symantec filed and prosecuted a utility patent application directed to decoy technology that Columbia developed and subsequently disclosed to Symantec in confidence, including that the utility patent application omitted Professors Stolfo and Keromytis as inventors and instead included a Symantec employee as the sole named inventor." Prior to that, Columbia tries to distract by alleging that the disclosures provided Symantec with "a head start in the development of products and services incorporating, based on, or derived from Columbia's decoy technology." (FAC ¶ 141.) This is a conclusory allegation devoid of any alleged factual support and thus deserves no weight. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Here, Columbia has plead that Symantec has obtained the incremental benefit of gaining a "head start" in developing products based on the technology, without pleading a single fact that could support that conclusion – not even that Symantec so much as developed a particular product based on the technology. *Harris v. Lexjet Corp.*, A. 3:09-CV-616, 2009 WL 4683699, at *5 (E.D. Va. Dec. 3, 2009) (Spencer, C.J.) (granting Rule

12(b)(6) motion to dismiss because "Even viewed in its most favorable light, Harris's allegations on the third element are conspicuously lean on facts.")

The factual portions of Columbia's FAC (¶¶ 1-46) do not include a **_single_** allegation (plausible or otherwise) that Symantec was provided a "head start" of any kind, or that Symantec actually "develop[ed] . . . products and services incorporating" any Columbia technology relating to the '643 Patent.[3]   Like its federal correction of inventorship claim, therefore, Columbia's conversion claim springs solely from its allegation that Symantec filed the '643 Patent without naming Keromytis and Stolfo as inventors.  This claim is, accordingly, preempted and should be dismissed for that reason as well.[4]

### C.   The Court Should Dismiss Columbia's Claim for Unjust Enrichment Because It is Preempted By Federal Patent Law

Columbia's unjust enrichment claim also is preempted by federal patent law because it does not plausibly allege that Symantec has been enriched (at the expense of Columbia) in any manner other than by securing the '643 Patent.[5]  When analyzing whether an unjust enrichment claim is preempted by federal patent law, courts examine how the defendant was allegedly enriched, and specifically, what "incremental benefit" was obtained by the defendant beyond

---

[3]   Columbia's allegation that Symantec "obtained [an] incremental benefit unavailable to the public of securing a patent on decoy technology developed by Columbia and disclosed to Symantec in confidence" fares no better, FAC ¶ 141, because again, this relates exclusively to securing patent rights.

[4]   Just as conversion claims predicated on patent rights are preempted by federal patent law, conversion claims which assert property interests in copyrighted works are likewise preempted.  *See, e.g.*, *Ardis Health, LLC v. Nankivell*, No. 11-cv-5013, 2012 WL 5290326 (S.D.N.Y. Oct. 23, 2012); *Archie Comic Publ'ns, Inc. v. DeCarlo*, 141 F. Supp. 2d 428 (S.D.N.Y. 2001)

[5]   Unjust enrichment under New York law requires the plaintiff to properly plead that: "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff."  *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 519 (2d Cir. 2001).

grant of the patent.  *See Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369 (Fed. Cir. 2005); *Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366 (Fed. Cir. 1999).  Thus, whether the unjust enrichment claim "is preempted by federal patent law depends on the nature of" Columbia's theory of recovery.  *Gen. Elec. Co. v. Wilkins*, No. 10-cv-00674, 2011 WL 3163348, at *6 (E.D. Cal. July 26, 2011).

Columbia's unjust enrichment claim pleads only two types of "incremental benefits" to Symantec: (1) "securing a patent on decoy technology developed by Columbia;" and (2) "gaining a head start in the developing of products and services incorporating, based on, or derived from Columbia's decoy technology."  (*See* FAC ¶ 135; *see also id.* ¶ 136 (alleging only the first benefit).)  Neither withstands scrutiny.

Federal patent law clearly preempts the first purported benefit – Symantec having procured the '643 Patent.  For example, in *General Electric*, the Eastern District of California granted a motion to dismiss an unjust enrichment claim, finding that "The only benefit identified in Defendant's unjust enrichment claim is 'licensing revenue.'  To the extent Defendant seeks to obtain a patent-like royalty from Plaintiff based on licensing revenue attributable to the '565 and '985 Patents, Defendant's unjust enrichment claim is preempted."  *Gen. Elec.*, 2011 WL 3163348, at *6.  Here, Columbia has not even alleged entitlement to licensing revenue; rather, the only benefit it claims is the "patent-like" protection of "securing a patent" itself.  (FAC ¶ 135-136.)

Affirming the dismissal of the plaintiff's unjust enrichment on grounds echoing those relied upon in *General Electric*, the Federal Circuit has explained that if such a claim were *not* preempted, "a would-be inventor need not satisfy any of the rigorous standards of patentability to secure a perpetual patent-like royalty under state law based on the use of an unpatented idea."

*Ultra-Precision Mfg.*, 411 F.3d at 1380.  The same reasoning obtains here: by attempting through its unjust enrichment claim to secure the benefits of Symantec's patent grant, Columbia is seeking to evade federal patent law and its concomitant obligations to prove inventorship under 35 U.S.C. § 256 for purposes of obtaining correction of inventorship.  Established law forecloses that attempt.

All that remains is Columbia's second alleged "incremental benefit," which blankly asserts that Symantec somehow "gain[ed] a head start in the development of products and services incorporating, based on, or derived from Columbia's decoy technology."  That barebones, passing assertion, which appears only in Columbia's cause of action (not in the preceding factual allegations), reflects nothing more than conclusory conjecture.  In 46 paragraphs of factual allegations, Columbia never alleges, for example, that Symantec practices its '643 Patent, nor does it plausibly allege that Columbia sought but failed to license its alleged "decoy technology" because of Symantec's '643 Patent.  It also does not name any Symantec "products or technologies" that might in any way relate to "Columbia's decoy technology," much less suggest that it has reason to believe that such unnamed products exist. Columbia cannot avoid dismissal of its unjust enrichment claim in this fashion.  As the Supreme Court explained in *Iqbal*:

> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).  In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Similarly, in *Stuart v. LaSalle Nat'l Ass'n*, this Court was faced with a motion to dismiss a claim that alleged that "Aegis required Stuart to pay

a notary fee of $250.00," without pleading any facts plausibly suggesting that was true.   This

Court granted the motion to dismiss, finding that such "allegations are simply sterile legal

conclusions that 'are not entitled to the assumption of truth.'"   3:09-CV-459, 2010 WL 582162

(E.D. Va. Feb. 11, 2010) (Spencer, C.J.), *aff'd,* 405 F. App'x 794 (4th Cir. 2010).   Columbia's

unjust enrichment claim should be dismissed.[6]

### D.   The Court Should Dismiss Columbia's Claim for Fraudulent Concealment Because It is Preempted By Federal Patent Law

Columbia's fraudulent concealment claim, should be dismissed because it is preempted

by the federal patent laws.   As the Supreme Court explained in *Bonita Boats, Inc. v. Thunder*

*Craft Boats, Inc.*, "States may not offer patent-like protection to intellectual creations which

would otherwise remain unprotected as a matter of federal law."   489 U.S. 141, 156 (1989).

All Columbia seeks through its fraudulent concealment claim is a remedy for Symantec's

Shou having been named an inventor of the '643 patent instead of Columbia's Stolfo and

Keromytis.   From a preemption standpoint, the question is whether permitting Columbia to

entertain its fraudulent concealment claim "stands as an obstacle to the accomplishment and

---

[6]   In the event that the Court determines that California, rather than New York, law applies, Columbia's unjust enrichment claim should be dismissed because California does not recognize a cause of action for unjust enrichment.   Under California law, unjust enrichment is "not a cause of action . . . or even a remedy, but rather a principle, underlying various legal doctrines and remedies.   It is synonymous with restitution."   *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment.").

As Judge Hamilton of the Northern District of California recently explained in granting a motion to dismiss a claim for unjust enrichment, "While there is a split within California courts regarding whether unjust enrichment is an independent cause of action, most recent decisions by the California Court of Appeal have explicitly held that there is no such cause of action." *Swanson v. ALZA Corp.*, No. 12-4579, 2013 WL 968275, at *12 (N.D. Cal. Mar. 12, 2013) (citing *Levine v. Blue Shield of Cal.,* 189 Cal. App. 4th 1117, 1138 (2010); *Jogani v. Superior Court,* 165 Cal. App. 4th 901, 911 (2008); *McKell v. Washington Mut., Inc.,* 142 Cal. App. 4th 1457, 1490 (2006); *McBride v. Boughton,* 123 Cal. App. 4th 379, 387 (2004))).

execution of the full purposes and objectives of Congress and is thus preempted." *Ultra-Precision Mfg.*, 411 F.3d at 1379 (citing *Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366 (Fed. Cir. 1999)).  The answer is yes.

Through this claim, Columbia has merely restated its federal inventorship claims arising under 35 U.S.C. § 256 as an additional state law cause of action, although the alleged facts are identical, and all boil down to Symantec purportedly having wrongfully taken Columbia's invention as its own and obtained patent protection by filing an application naming its Symantec employee as the inventor.  Columbia's allegation of damages regarding this claim, which all arise from rights granted under federal patent law, confirm its fraudulent concealment claim is preempted.

Although Columbia has not yet alleged the *amount* of its claimed damages, it has pleaded the *nature* of its damages.  The only damages allegedly sustained by Columbia are the "benefits, financial opportunities, and prestige" and recognition that Columbia would have obtained were it credited with the patent:

> Symantec deprived Columbia of the benefits, financial opportunities and prestige Columbia would have enjoyed if Symantec had not sought and obtained in its own name patents directed at Professor Stolfo and Keromytis's decoy technology and if Columbia and its researchers had been duly recognized and credited with the invention.

(FAC ¶ 132.)  Of course these harms directly flow from the grant of the patent to Symantec: they are ***not*** the product of Symantec's concealment of any information.  This brings Columbia's fraudulent concealment claim within the category of cases that dismiss claims and hold them preempted by federal patent law because the alleged harm is part and parcel of a part's success in obtaining a patent.  *Tavory v. NTP, Inc.*, 297 F. App'x 976, 982 (Fed. Cir. 2008) (affirming dismissal of state-law claim as preempted by patent law because complaint alleged only that

party had "received substantial and valuable benefits . . . in the form of royalties, payments or other compensation for the use of [plaintiff's] wireless email invention" and such "allegations only concern [defendant's] activities regarding the patents-in-suit, and the complaint does not allege any other uses of his 'wireless email invention'")

Even if allegations of reputational harm and lost prestige could escape federal preemption, Columbia has not pleaded facts on its fraud claim that substantively ground a distinct claim. *Cole v. Gummow,* No. 3:02-cv-0705, 2003 WL 22455387, at *3 (N.D. Tex. Oct. 22, 2003) (granting motion to dismiss a federal correction of inventorship claim because "Beyond his bald assertion that 'I have a reputation interest as inventor of the '221 and '185 Patents,' there is nothing in the record to support such a conclusion.  Plaintiff's mere say-so is hardly sufficient to carry his burden of proof.").  Other than its bald allegation in paragraph 132 of its FAC regarding loss of "prestige" and reputational harm, there is no plausible (as opposed to conclusory) allegation that Columbia has been harmed in any way other than by its non-exploitation of rights on the '643 Patent.  *See* FAC, ¶¶ 30-46, 119-132.[7]

Accordingly, Columbia's fraudulent concealment claim should be dismissed.

## <u>CONCLUSION</u>

For the reasons provided above, Symantec respectfully submits that the Court should dismiss Columbia's conversion, unjust enrichment, and fraudulent concealment claims.

---

[7]    For example, Columbia does not allege that through any fraudulent concealment Symantec has entered into a business relationship with a competing university, causing some other form of damage to Columbia.

SYMANTEC CORPORATION

By:
_____/s/_____
                Of Counsel

Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

David A. Nelson (admitted *pro hac vice*)
davenelson@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
QUINN  EMANUEL  URQUHART  &
SULLIVAN LLP

*Attorneys    for    Defendant    Symantec
Corporation*

15

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2014, I electronically filed the foregoing

pleading with the Clerk of Court using the CM/ECF system, which then will send automatic

notification of such filing (NEF) to the following:

Dana Duane McDaniel (dmcdaniel@spottsfain.com)
John Michael Erbach (jerbach@spottsfain.com)
Spotts Fain PC
411 E Franklin St, Suite 600
PO Box 1555
Richmond, VA 23218-1555
(804) 697-2065
Fax: (804) 697-2165

David I. Gindler (dgindler@irell.com)
Jason G. Sheasby (jsheasby@irell.com)
Richard M. Birnholz (rbirnholz@irell.com)
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276
Phone: (310) 277-1010
Fax: (310) 203-7199

*Counsel for The Trustees of Columbia University*
*In the City of New York*

                                      _____/s/_____
                                  Dabney J. Carr, IV, VSB #28679
                                  **TROUTMAN SANDERS LLP**
                                  P. O. Box 1122
                                  Richmond, Virginia 23218-1122
                                  Telephone: (804) 697-1200
                                  Facsimile: (804) 697-1339
                                  dabney.carr@troutmansanders.com
                                  *Counsel for Defendant Symantec Corporation*