**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> SYMANTEC CORPORATION, <br><br> Defendant. | Civil Action No. 3:13-cv-808 |

**DEFENDANT SYMANTEC CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO FILE STIPULATION REGARDING SOURCE CODE UNDER SEAL**

Pursuant to Eastern District of Virginia Local Rules 5(C) and 5(D), Defendant Symantec Corporation ("Symantec") respectfully requests that the Court seal the parties' Stipulation Regarding Source Code ("Stipulation").

**I.     BACKGROUND AND APPLICABLE LAW**

The parties' Stipulation, attached hereto as **Exhibit A**, includes certain confidential information which has not been disclosed to the public. Information included in the Stipulation reflects Symantec confidential information regarding how Symantec maintains its source code and the capabilities of its internal systems and network architectures. For instance, the Stipulation describes methods by which Symantec source code repositories may be accessed.

Symantec recognizes that ordinarily records of judicial proceedings are publicly available. *Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of [court] . . . records . . . is necessary in the long run so that the public can

judge the product of the courts in a given case."). The Court's authority to seal court documents, however, is well-established in the Fourth Circuit. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). This Court has specifically recognized that, where a party's confidential communications are germane to the resolution of a motion, it is appropriate to seal those communications so that the Court may consider them without requiring public disclosure. *See, e.g., Diamonds Direct USA, Inc. v. BFJ Holdings, Inc.*, Case No. 3:12cv303, at 2-3 (E.D. Va. Aug. 31, 2012, ECF No. 52). In deciding whether to grant a request to seal documents submitted to the Court, the Court considers whether "the public's right of access is outweighed by competing interests." *Id*. This analysis typically will involve a three-part procedure: (1) the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) the court must consider less drastic alternatives to sealing the documents; and (3) the court must articulate specific reasons and factual findings supporting its decision to seal. *Ashcraft*, 218 F.3d at 302.

## II.  THE PARTIES' STIPULATION SHOULD BE FILED UNDER SEAL

The applicable factors justify sealing the parties' Stipulation. The public will be given adequate notice of the request because the Clerk will docket Symantec's Motion to Seal in the public record, and Symantec has filed an appropriate Notice of its Motion to Seal which will be posted for a minimum of 48 hours. Assuming that no member of the public objects during that period, then adequate time for objection will have been afforded. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("[R]equir[ing] that closure motions be docketed reasonably in advance of their disposition [] give[s] the public and press an opportunity to intervene and present their objections to the court").

Additionally, there is no less drastic alternative to filing the Stipulation other than to file it under seal. As mentioned, the Stipulation reflects Symantec confidential information

regarding how Symantec maintains its source code and the capabilities of its internal systems and network architectures. To allow the Court to consider this submission without harming the parties' interests, it should be filed under seal. *See Diamonds Direct, Inc.*, Case No. 3:12cv303, Dkt. 52, at 2-3 (E.D. Va. Aug. 31, 2012).

Finally, in accordance with the strictures of E.D. Va. Loc. R. 5(C), Symantec has submitted a Proposed Order that sets forth the required standards and findings to satisfy the third prong of the analysis. The Court satisfies the third prong of the analysis by its entry of that Proposed Order.

### III. CONCLUSION

For the foregoing reasons, Symantec respectfully requests that the Court grant its Motion and enter the Proposed Order submitted therewith.

Dated: June 9, 2014                                    SYMANTEC CORPORATION

                                                       By:_____/s/_____
                                                               Of Counsel

Dabney J. Carr, IV, VSB #28679
Stanley W. Hammer, VSB #82181
TROUTMAN SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
stanley.hammer@troutmansanders.com

David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Yury Kapgan (*pro hac vice*)
yurykapgan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Derek L. Shaffer (*pro hac vice*)
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
777 6th Street NW, 11th floor
Washington, D.C. 20001-3706
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Symantec Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

Dana Duane McDaniel
(dmcdaniel@spottsfain.com)
John Michael Erbach
(jerbach@spottsfain.com)
Spotts Fain PC
411 E Franklin St, Suite 600
PO Box 1555
Richmond, VA 23218-1555
(804) 697-2065
Fax: (804) 697-2165

David I. Gindler (*pro hac vice*)
dgindler@irell.com
Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Richard M. Birnholz (*pro hac vice*)
rbirnholz@irell.com
Crawford Maclain Wells (*pro hac vice*)
mwells@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Gavin Snyder (*pro hac vice*)
gsnyder@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
Phone: (310) 277-1010
Fax: (310) 203-7199

Michael Henry Strub , Jr. (*pro hac vice*)
mstrub@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive
Newport Beach, CA 92660
Phone: (949) 760-0991
Fax: (949) 760-5200

*Counsel for Plaintiff The Trustees of*
*Columbia University in the City of New York*

                                                     /s/
                               Stanley W. Hammer (VSB No. 82181)
                               TROUTMAN SANDERS LLP
                               P.O. Box 1122
                               Richmond, VA  23218
                               Phone: (804) 697-1200
                               Fax: (804) 697-1339
                               stanley.hammer@troutmansanders.com

                               *Counsel for Defendant Symantec Corporation*