IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, | Civil Action No. 3:13-cv-00808-JRS |
| *Plaintiff* | |
| vs. | **JURY TRIAL DEMANDED** |
| SYMANTEC CORPORATION, | |
| *Defendant* | |

## FINAL JUDGMENT PURSUANT TO RULE 54(b) OF THE

## FEDERAL RULES OF CIVIL PROCEDURE

THIS MATTER is before the Court on the Stipulation And Joint Motion For Entry Of Final Judgment On All Infringement Claims Based On The Court's Claim Construction And Indefiniteness Rulings, And For An Order Staying Remaining Decoy Claims Pending Appeal of plaintiff The Trustees of Columbia University in the City of New York ("Columbia") and defendant Symantec Corporation ("Symantec") (Dkt. 147) ("Stipulation"). Good cause appearing, it is ORDERED and ADJUDGED that:

1.      On December 5, 2013, Columbia filed its Complaint against Symantec alleging, among other things, that Symantec infringed United States Patent No. 7,487,544 (the '544 patent), 7,979,907 (the '907 patent), 7,448,084 (the '084 patent), 7,913,306 (the '306 patent), and 8,074,115 (the '115 patent).

2.      Columbia also alleged a claim for Correction of Inventorship with respect to United States Patent No. 8,549,643 (the '643 patent), a patent presently assigned to Symantec. The '643 patent relates to "decoy" technology.

3.      On December 24, 2013, Columbia filed its First Amended Complaint against Symantec alleging in its First through Sixth Claims for Relief that Symantec infringed the '544 patent, the '907 patent, the '084 patent, the '306 patent, the '115 patent, and United States Patent No. 8,601,322 (the '322 patent) (collectively, the "Asserted Patents"). Dkt. 12.

4.      Columbia also alleged in its Seventh through Eleventh Claims for Relief claims for Fraudulent Concealment, Unjust Enrichment, and Conversion relating to Columbia intellectual property in "decoy" technology along with claims for Correction of Inventorship with respect to the '643 patent.

5.      On January 14, 2014, Symantec answered Columbia's First Amended Complaint, denying the material allegations and asserting, among other things, affirmative defenses of non-infringement, invalidity and unenforceability of the Asserted Patents. Dkt. 20.

6.      On October 7, 2014, following briefing and a hearing, the Court issued a Claim Construction Order construing certain claims of the Asserted Patents. Dkt. 123.

7.      With respect to the '544 and '907 patents, the Court's Claim Construction Order provided, among other things, the following constructions and rulings:

        a.      "Byte Sequence Feature": Feature that is a representation of machine code instructions of the executable. "Feature" is a property or attribute of data which may take on a set of values.

        b.      "Wherein [the step of] extracting said byte sequence features from said executable attachment comprises creat[ing/e] a byte string representative of

- 2 -

resources referenced by said executable attachment": Indefinite. The Court finds that the "resource information" feature extraction embodiment is separate and distinct from the "byte sequence feature" extraction embodiment. Because Claims 1 and 16 of the '544 patent conflate these terms, and thus are inconsistent with the specification, the Court holds that this term is indefinite. *See Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002).

8.     With respect to the '084 and '306 patents, the Court's Claim Construction Order provided, among other things, the following constructions for the '084 and '306 patents:

   a.   "Probabilistic Model of Normal Computer System Usage": Model of typical attack-free computer system usage that employs probability. "Probability" is the likelihood that an event will occur or a condition will be present.

   b.   "Normal Computer System Usage": Typical, attack free computer system usage.

   c.   "Anomaly" / "Anomalous": Deviation/deviating from a model of typical, attack-free computer system usage.

9.     With respect to the '115 and '322 patents, the Court's Claim Construction Order provided, among other things, the following constructions: "Anomalous": Deviation/deviating from a model of typical, attack-free computer system usage.

10.     On October 23, 2014, the Court issued a Memorandum Order granting Columbia's Motion for Clarification of Claim Construction Order. (Dkt. 146). Columbia sought clarification on whether the Court intended its construction of the terms "probabilistic model of normal computer system usage" in the '084 / '306 patents and "anomalous" in the '084 / '306

- 3 -

patents and '115 / '322 patents – both of which the Court construed as requiring a "model of typical, attack-free computer system usage" – meant that the model may be generated with normal data and also attack data or required that the model must be generated with *only* "typical, attack free" data.  (Dkt. 128).  The Court's Order on the clarification motion stated that the Court's construction for both the '084/'306 patents and the '115/'322 patents required that the model "is generated with only attack-free data." (Dkt. 146).

11.     Based on the Court's October 7, 2014 Claim Construction Order (Dkt. 123) with respect to the '544 patent and '907 patent, and based on the Stipulation of the Parties, this final judgment of non-infringement of claims 6, 10-14, 28-34, 37-41, and 43 of the '544 patent and claims 10-15 and 18-20 of the '907 patent is entered against Columbia on the grounds that the MalHeur, Insight, SONAR, and MutantX systems employed in or with Norton Internet Security, Norton AntiVirus, Norton 360, Symantec Endpoint Protections, Symantec Endpoint Protection Small Business Edition, and Symantec Mail Security through the date of this judgment (i.e., all the accused products) do not satisfy the "byte sequence feature" limitations of those claims under the Court's construction of the term "byte sequence feature" to mean a "Feature that is a representation of machine code instructions of the executable."

12.     Based on the Court's October 7, 2014 Claim Construction Order (Dkt. 123) with respect to the '544 patent, and based on the Stipulation of the Parties, this final judgment of invalidity of claims 1 and 16 of the '544 patent (and their dependent claims 2-5 and 17-27) is entered against Columbia on the ground that the Court has ruled that the following term recited in these claims is indefinite under 35 U.S.C. § 112 ¶ 2: "Wherein [the step of] extracting said byte sequence features from said executable attachment comprises creat[ing/e] a byte string representative of resources referenced by said executable attachment." The final judgment in

Paragraphs 11 and 12 herein fully resolves Columbia's First and Second Claims for Relief in the District Court, making the Claims ripe for appellate review of the Claim Construction Orders.

13. Based on the Court's October 7, 2014 and October 23, 2014 Claim Construction Orders (Dkt. 123 & 146), and based on the Stipulation of the parties, this final judgment of non-infringement of claims 1, 3-10, 14, 16-26, and 28 of the '084 patent and claims 1-4 and 7-8 of the '306 patent is entered against Columbia on the grounds that the MalHeur, Insight, SONAR, and MutantX systems employed in or with Norton Internet Security, Norton AntiVirus, Norton 360, Symantec Endpoint Protections, and Symantec Endpoint Protection Small Business Edition through the date of this judgment (i.e., all the accused products) do not satisfy the "probabilistic model of normal computer system usage" and "anomaly / anomalous" limitations of those patents under the Court's construction of these terms to require a "model" "generated with only attack-free data" (Dkt. 146). Columbia also has reserved the right to address on appeal the Court's construction of the subsidiary phrase "normal computer system usage" in all locations in which it appears in the relevant claims. This final judgment fully resolves Columbia's Third and Fourth Claims for Relief in the District Court, making the Claims ripe for appellate review of the Claim Construction Orders.

14. Based on the Court's October 7, 2014 and October 23, 2014 Claim Construction Orders (Dkt. 123 & 146), and the Stipulation of the parties, this final judgment of non-infringement of claims 1-42 of the '115 patent and claims 1-27 of the '322 patent is entered against Columbia on the grounds that the MalHeur, Insight, SONAR, and MutantX systems employed in or with Norton Internet Security, Norton AntiVirus, Norton 360, Symantec Endpoint Protections, and Symantec Endpoint Protection Small Business Edition through the date of judgment (i.e., all of the accused products) do not satisfy the "anomalous" limitation of

those patents under the Court's construction of this term to require "a model" that is "generated with only attack-free data" (Dkt. 146). This final judgment fully resolves Columbia Fifth and Sixth Claims for Relief in the District Court, making the Claims ripe for appellate review of the Claim Construction Orders.

15.     The present action presents more than one claim for relief. The final judgments referenced above are only directed to the First through Sixth Claims for Relief and do not alter Columbia's and Symantec's respective rights in Columbia's Seventh through Eleventh Claims for Relief regarding the "decoy" technology.  The decoy technology claims relate to a distinct patent presently assigned to Symantec, which is not part of the same family as the patents in the First through Sixth Claims for Relief, and is not related to the Symantec products at issue in Columbia's First through Sixth Claims for Relief.  As a result, the United States Court of Appeals for the Federal Circuit would not have to consider the same issues more than once if and when the Seventh through Eleventh Claims for Relief are appealed.

16.     In light of the foregoing, there is no just reason to delay the entry of a final, appealable judgment on Columbia's First through Sixth Claims for Relief pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Therefore, this Court enters final judgment as to the First through Sixth Claims for Relief as set forth above in order to conserve judicial resources, to avoid the time and expense of further discovery, motion practice and other proceedings in this Court, and to allow Columbia to appeal this Court's claim construction and indefiniteness rulings.

17.     Columbia and Symantec reserve their rights to raise on appeal any and all issues concerning claim interpretation and/or claim definiteness raised by either Party in the District

Case 3:13-cv-00808-JRS   Document 151   Filed 11/04/14   Page 7 of 8 PageID# 4139

Court and/or by the Court's Claim Construction Orders (Dkt. 123 & 146) that are the basis for this Order.

18.     Columbia and Symantec agree that, in the event that the United States Court of Appeals for the Federal Circuit modifies or reverses any portion of the District Court's Claim Construction Orders, or remands to the District Court for further proceedings, nothing in the Stipulation or in this Order shall be considered as an admission that Symantec is entitled to judgment of non-infringement or invalidity, or to waive or foreclose entry of judgment of infringement of any accused product under any of the Asserted Patents. Columbia and Symantec further agree that in the event that the United States Court of Appeals for the Federal Circuit modifies or reverses any portion of the District Court's Claim Construction Orders, or remands to the District Court for further proceedings, the Stipulation and this Order shall not be offered or admitted into evidence in such further proceedings.

19.     Columbia and Symantec agree that, in the event the United States Court of Appeals for the Federal Circuit modifies or reverses any portion of the District Court's Claim Construction Orders, or remands to the District Court for further proceedings, nothing in the Stipulation or this Order shall restrict in any way Symantec's ability to re-raise any and all affirmative defenses previously raised in this case.

- 7 -

20.     Columbia and Symantec in this litigation each shall bear its own costs and fees, including attorneys' fees.

Let the Clerk file this Order electronically, notifying all counsel of record accordingly.

It is so ORDERED.

Date: 11-4-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge