IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, <br><br> *Plaintiff* <br><br> vs. <br><br> SYMANTEC CORPORATION, <br><br> *Defendant* | Civil Action No. 3:13-cv-00808-MHL <br><br> **JURY TRIAL DEMANDED** |

### COLUMBIA'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO REOPEN PROCEEDINGS

Plaintiff, The Trustees of Columbia University in the City of New York ("Columbia"), by counsel, pursuant to the Court's October 24, 2017 Order of Closure (ECF No. 178), respectfully submits this Memorandum in Support of its Motion to Reopen Proceedings. Specifically, Columbia moves the Court to reopen these proceedings, restore this case to the Court's active docket, and schedule a pretrial conference. Columbia met and conferred with counsel for Defendant Symantec Corporation ("Symantec") and is informed that Symantec does not oppose the motion.

### I.  INTRODUCTION

This action involves Columbia's patent infringement and state law claims against Symantec with respect to patents and technology relating to computer security. In 2016, after the parties' appealed from a stipulated judgment of non-infringement based on the Court's claim construction (the "Stipulated Judgment"), the Federal Circuit reversed and vacated the Stipulated Judgment with respect to U.S. Patent Nos. 8,074,115 (the '115 patent) and 8,601,322 (the '322 patent). The Federal Circuit held that the stipulated judgment was based on an incorrect claim

construction and remanded the case for further proceedings. *The Trustees of Columbia Univ. in the City of New York v. Symantec Corp.*, 811 F.3d 1359, 1371 (Fed. Cir. 2016). The '115 and '322 patents also were the subject of two inter partes review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB") as a result of IPR petitions Symantec filed. In the IPRs, the PTAB issued two Final Written Decisions concluding that certain claims of the '115 and '322 patents were patentable and that certain other claims were unpatentable. *See* Exhibit A (IPR2015-00375 Final Written Decision regarding '115 patent); Exhibit B (IPR2015-00377 Final Written Decision regarding '322 patent). The parties appealed both PTAB decisions and the Federal Circuit affirmed both decisions on March 13, 2018. *The Trustees of Columbia Univ. in the City of New York v. Symantec Corp.*, 714 Fed. Appx. 1021, 1022 (Fed. Cir. 2018) (unpublished). The mandate from the Federal Circuit issued May 18, 2018.

During the pendency of the appeals from the IPR decisions, this case was initially stayed and then, on October 24, 2017, this Court issued an Order of Closure directing the Clerk to administratively close this case pending the conclusion of the above-referenced Federal Circuit appeals, and ordering, *inter alia*, that either party may move to reopen this matter "[w]ithin forty-five (45) days of the issuance of the mandate in the Federal Circuit appeals." Order of Closure, at 2. Pursuant to the Order of Closure, Columbia timely files this unopposed motion to reopen this matter.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The District Court Litigation and Federal Circuit Appeal

Columbia initiated this action against Symantec on December 5, 2013. (ECF No. 1.) In its First Amended Complaint filed on December 24, 2013, Columbia alleged in its First through Sixth Claims for Relief that Symantec infringed three families of patents: (1) United States

Patent Nos. 7,487,544 (the "'544 patent") and 7,979,907 (the "'907 patent"); (2) United States Patent Nos. 7,448,084 (the "'084 patent") and 7,913,306 (the "'306 patent"), and (3) United States Patent Nos. 8,074,115 (the "'115 patent") and 8,601,322 (the "'322 patent") (collectively, the "Asserted Patents"). (ECF No. 12.) Columbia's First Amended Complaint also included claims addressing matters other than alleged patent infringement. In its Seventh through Eleventh Claims for Relief, Columbia alleged a claim for Correction of Inventorship with respect to United States Patent No. 8,549,643 (the '643 patent), a patent presently assigned to Symantec that relates to "decoy" technology, along with claims for Fraudulent Concealment, Unjust Enrichment, and Conversion relating to Columbia's intellectual property in this "decoy" technology (collectively, the "Decoy Claims").

Symantec answered Columbia's First Amended Complaint, denying the material allegations of the claims and asserting, among other things, affirmative defenses of non-infringement, invalidity and unenforceability of the Asserted Patents. (ECF No. 20.) The case proceeded toward a jury trial scheduled to begin in January 2015, with the parties completing fact discovery and serving opening expert reports on issues of infringement, damages, and invalidity.

On November 3, 2014, in light of claim construction orders issued by the Court, Columbia and Symantec filed a stipulation and joint motion for entry of a final judgment of non-infringement, based on the Court's rulings. (ECF Nos. 147, 148.) On November 4, 2014, the District Court entered final judgment of non-infringement on Columbia's patent infringement claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to allow Columbia to immediately appeal the Court's claim construction rulings. (ECF No. 151.) The Court's order

granting the motion for entry of final judgment also stayed the Decoy Claims alleged in Columbia's Seventh through Eleventh Claims for Relief. (ECF No. 150.)

Columbia appealed the stipulated judgment to the Federal Circuit to appeal the District Court's claim construction decisions. On February 2, 2016, the Federal Circuit issued a published opinion affirming the stipulated judgment on the '544/'907 patents and the '084/'306 patents, and reversing and vacating the stipulated judgment of non-infringement of the asserted claims of the '115 and '322 patents "because it was based on an incorrect claim construction." *The Trustees of Columbia University in the City of New York v. Symantec Corporation*, 811 F.3d 1359, 1371 (Fed. Cir. 2016). The Federal Circuit remanded as to those patents for further proceedings consistent with its opinion.

**B.    IPR Proceedings Regarding the '115 and '322 Patents and The Subsequent Federal Circuit Appeals**

The '115 and '322 patents were also the subject of IPR proceedings before the Patent Trial and Appeal Board ("PTAB"). The PTAB conducted an oral hearing in both IPRs and issued Final Written Decisions concluding that, with respect to each of the '115 and '322 patents, certain claims were shown to be unpatentable and that certain other claims were not shown to be unpatentable. *See* Exhibits A, B. Additional details of the IPRs with respect to the '115 and '322 patents are set forth below.

The PTAB instituted Symantec's IPRs on claims 1-42 of the '115 patent and claims 1-27 of the '322 patent. On June 30, 2016, the PTAB issued a Final Written Decision that Symantec had not demonstrated that claims 2, 9, 10, 12, 19, 20, 23, 30, 31, 33, 40, and 41 of the '115 patent are unpatentable. The PTAB held that Symantec had met its burden as to claims 1, 3-8, 11, 13-18, 21, 22, 24-29, 32, 34-39, and 42 of the '115 patent, and held those claims unpatentable. Also on June 30, 2016, the PTAB issued a Final Written Decision that Symantec had not shown that

claims 2, 8, 11, 17, 25, and 27 of the '322 patent were unpatentable. The PTAB held that Symantec had met its burden as to claims 1, 3-7, 9, 10, 12-16, 18-24, and 26 of the '322 patent, and held those claims unpatentable.

Columbia and Symantec each appealed and cross-appealed the PTAB's decisions in the '115 and '322 IPRs. The Federal Circuit consolidated the appeals into Case No. 16-2551 and issued a judgment affirming the PTAB decisions in their entirety on March 13, 2018. *The Trustees of Columbia Univ. in the City of New York v. Symantec Corp.*, 714 Fed. Appx. 1021, 1022 (Fed. Cir. 2018) (unpublished). The Federal Circuit's formal mandate issued on May 18, 2018.

      **C.**    **Administrative Closure of Case Pending Federal Circuit Appeals**

While the above-referenced Federal Circuit appeals were pending, pursuant to stipulations and orders of this Court, the case in District Court remained stayed. The parties filed joint status reports updating the Court of the progress of the appeals every three months, as the Court directed. *See* Status Reports filed November 8, 2016; February 7, 2017; May 5, 2017; and, August 2, 2017 (ECF Nos. 170, 171, 172, 173). On October 24, 2017, this Court issued an Order of Closure, administratively closing this case, with any applicable statute of limitations being stayed, pending the conclusion of the above-referenced Federal Circuit appeals. (ECF No. 178.) The Order allowed any party to move to reopen the case, if appropriate, within forty-five (45) days of the Federal Circuit's issuance of mandate in the Federal Circuit appeals. *Id.* at 2.

**III.**    <u>**NOW THAT THE APPEALS FROM CLAIM CONSTRUCTION AND THE IPR DECISIONS HAVE CONCLUDED, THE CASE IS RIPE TO BE REOPENED**</u>

All pending Federal Circuit appeals regarding the '115 and '322 patents have now concluded. The remaining appeal was the appeal from the PTAB's decisions in the IPRs concluding that certain claims were patentable and others unpatentable. As noted above, the

Federal Circuit's mandate on these appeals issued May 18, 2018.  Pursuant to the Court's October 24, 2017 Order of Closure, Columbia may move to reopen this case within forty-five (45) days of the issuance of mandate, *i.e.*, on or before July 2, 2018.

In light of the Federal Circuit's affirmance of the PTAB's Final Written Decisions confirming asserted claims of the '115 and '322 patents, it is now appropriate to reopen the proceedings. All of the claims on which the PTAB and Federal Circuit affirmed judgments in favor of Columbia were claims that had been asserted in this litigation.  As such, Columbia's patent infringement claims on these two patents remain intact with respect to the accused products.

Columbia requests that the Court set a scheduling conference for the case on the surviving claims of the '115 and '322 patents to proceed to trial at the earliest opportunity.  At the time the parties stipulated to judgment (subsequently vacated on appeal to the Federal Circuit), the case was approximately two months away from the scheduled jury trial.  Columbia respectfully requests that the Court reopen this case, restore it to the Court's active docket, and schedule a Pretrial Conference to determine a new case schedule and date for jury trial.

| | |
|---|---|
| June 28, 2018 | Respectfully submitted, |
| | THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK |
| | By:   */s/ Dana D. McDaniel*<br>Dana D. McDaniel (VSB No. 25419)<br>dmcdaniel@spottsfain.com<br>John M. Erbach (VSB No. 76695)<br>jerbach@spottsfain.com<br>Spotts Fain, P.C.<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia 23219<br>Phone: (804) 697-2065<br>Fax: (804) 697-2165 |

IRELL & MANELLA LLP
David I. Gindler (dgindler@irell.com)
Jason G. Sheasby (jsheasby@irell.com)
Richard M. Birnholz (rbirnholz@irell.com)
Anthony Q. Rowles (trowles@irell.com)
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276
Phone: (310) 277-1010
Fax: (310) 203-7199
*Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF
THE TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 28th day of June 2018, I will electronically file the foregoing Memorandum in Support of Unopposed Motion to Reopen Proceedings with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By:   */s/ Dana D. McDaniel*
Dana D. McDaniel (VSB No. 25419)
dmcdaniel@spottsfain.com
John M. Erbach (VSB No. 76695)
jerbach@spottsfain.com
Spotts Fain, P.C.
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2065
Fax: (804) 697-2165