IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, <br><br> *Plaintiff*, <br><br> v. <br><br> SYMANTEC CORPORATION, <br><br> *Defendant*. | Civil Action No. 3:13-cv-00808-MHL |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
<u>PURSUANT TO FED. R. CIV. P. 12(c) AND 35 U.S.C. § 101</u>**

**TABLE OF CONTENTS**

*Page*

I.     SYMANTEC IMPROPERLY ARGUES PRIOR ART INVALIDITY. ........2

II.    THE ASSERTED CLAIMS MUST BE EVALUATED AS A
       WHOLE. ...................................................................................................5

III.   THE ASSERTED CLAIMS ARE DIRECTED TO A SPECIFIC
       TECHNIQUE THAT IMPROVES COMPUTER SYSTEM
       PERFORMANCE. ...................................................................................6

IV.    CONCLUSION...........................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Alexander*,
　524 B.R. 82 (E.D. Va. 2014)..................................................................................................4

*Alice Corp. Pty.* v. *CLS Bank Int'l*,
　573 U.S. 208 (2014)................................................................................................ *passim*

*Ancora Technologies, Inc.* v. *HTC America, Inc.*,
　908 F.3d 1343 (Fed. Cir. 2018)..........................................................................................9

*Athena Diagnostics, Inc.* v. *Mayo Collaborative Servs., LLC*,
　915 F.3d 743 (Fed. Cir. 2019)............................................................................................7

*In re Bilski*,
　545 F.3d 943 (Fed. Cir. 2008)............................................................................................5

*In Re: Copaxone Consol. Cases*,
　906 F.3d 1013 (Fed. Cir. 2018)..........................................................................................7

*Diamond* v. *Diehr*,
　450 U.S. 175 (1981)............................................................................................................5

*Finjan, Inc.* v. *Blue Coat Sys., Inc.*,
　879 F.3d 1299 (Fed. Cir. 2018)......................................................................................2, 8

*First-Class Monitoring, LLC* v. *United Parcel Serv. of Am., Inc.*,
　2019 WL 3290123 (E.D. Tex. July 22, 2019) ....................................................................5

*Intellectual Ventures I LLC* v. *Erie Indem. Co.*,
　711 F. App'x 1012 (Fed. Cir. 2017) ...............................................................................5, 9

*McRO, Inc.* v. *Bandai Namco Games Am. Inc.*,
　837 F.3d 1299 (Fed. Cir. 2016)..........................................................................................7

*Nolte* v. *Capital One Fin. Corp.*,
　390 F.3d 311 (4th Cir. 2004) .............................................................................................4

*Q Int'l Courier Inc.* v. *Smoak*,
　441 F.3d 214 (4th Cir. 2006) .............................................................................................4

*Synopsys, Inc.* v. *Mentor Graphics Corp.*,
　839 F.3d 1138 (Fed. Cir. 2016)..........................................................................................5

*Trustees of Columbia Univ. in the City of New York* v. *Symantec Corp.*,
 714 F. App'x 1021 (Fed. Cir. 2018) ...................................................................5, 8

*WBIP, LLC* v. *Kohler Co.*,
 829 F.3d 1317 (Fed. Cir. 2016)................................................................................7

**Statutes**

35 U.S.C. § 101............................................................................................... *passim*

35 U.S.C. §§ 102, 103.................................................................................3, 4, 6

Plaintiff, The Trustees of Columbia University in the City of New York ("Columbia"), submits this sur-reply in opposition to Defendant Symantec Corporation's ("Symantec") reply in support of its motion for judgment on the pleadings, which asserts that the claims of the patents in suit, U.S. Patent Nos. 8,074,115 (the "'115 patent") and 8,601,322 (the "'322 patent"), are invalid under 35 U.S.C. § 101.  Dkt. Nos. 245, 267.

Columbia and Symantec appear to agree that the key question under *Alice* "step one" is whether the claims reflect a "specific improvement in computer functionality," Dkt. No. 246  ("Reply Br.") at 4, *citing Finjan, Inc.* v. *Blue Coat Sys., Inc.*, 879 F.3d 1299, 1303 (Fed. Cir. 2018).  The parties disagree, however, on how to determine, at "step one," whether the claims do so.  Symantec's analysis focuses on the fact that certain claims no longer at issue in this case were invalidated in *inter partes* review ("IPR"), and then improperly focuses on comparing isolated elements of the asserted claims to prior art.  In essence, Symantec, ignoring established law, conflates the question of prior art validity under 35 U.S.C. §§ 102, 103 with the entirely separate question of whether the claims are directed to patent-eligible subject matter under 35 U.S.C. § 101 – the basis of Symantec's motion.

To quickly understand the distinction among these separate sections of the patent statute, one can start with a basic observation:  many patent claims that are *invalid* because they are anticipated or obvious in light of prior art nevertheless are directed to patent-*eligible* subject matter.  For example, a patent claim directed to a new drug that treats a sinus infection unquestionably is directed to patent-eligible subject matter, even if that drug is entirely anticipated by a prior art printed publication.  As an additional example, in the context of this case, a specific technique to detect malicious programs on the basis of behavior likewise is patent eligible, even if the claimed technique was disclosed in the prior art.  Thus, the arguments Symantec raises in

support of its 101 motion that the asserted patent claims are anticipated or obvious in light of prior art (exactly the argument that the Patent Trial and Appeals Board ("PTAB") and Court of Appeals for the Federal Circuit ("Federal Circuit") rejected for the claims currently before this Court) are entirely irrelevant to the issue presented by the Motion for Judgment on the Pleadings.

Symantec's clear legal error at "step one" of the *Alice* inquiry—*i.e.*, conflation of the question of prior art invalidity with the question of patent-eligible subject matter—is all the worse here because the asserted patent claims in this case have been found to be novel and non-obvious by the PTAB in a decision that was affirmed by the Federal Circuit. Indeed, that is precisely the reason that the Court has ordered that Symantec is estopped from continuing to argue invalidity on the basis of prior art. (Dkt. No. 252.) Thus, Symantec not only makes improper arguments that conflate distinct legal questions, but Symantec also rehashes arguments that it has already made and lost. When the proper legal test is applied, as explained below, the asserted patent claims are directed to a "specific improvement in computer functionality," and thus patent eligible under § 101.

## I. SYMANTEC IMPROPERLY ARGUES PRIOR ART INVALIDITY.

Symantec's reply relies on ignoring clear law by conflating the "step one" requirements for subject matter eligibility (35 U.S.C. § 101) with the requirements of novelty and non-obviousness for patent validity (35 U.S.C. §§ 102, 103), and arguing that isolated elements of the asserted claims are not novel. Symantec advances this legally erroneous argument by reference to (1) the fact that certain claims no longer at issue in this case were invalidated during

IPR (thus, at least implicitly relying on prior art arguments considered by the PTAB in those proceedings)[1] and (2) other purported prior art that is described in the patent specifications.[2]

Symantec's improper conflation of invalidity and patent subject matter eligibility ignores well-established and binding precedent.   As the Federal Circuit has explained: "The 'novelty' of any element or steps in a process, or even of the process itself, is of *no relevance* in determining whether the subject matter of a claim falls within the § 101 categories of possible patentable subject matter." *Intellectual Ventures I LLC* v. *Erie Indem. Co.*, 711 F. App'x 1012, 1019 (Fed. Cir. 2017) (citing *Diamond* v. *Diehr*, 450 U.S. 175, 188-89 (1981)) (emphasis added). *See In re Bilski*, 545 F.3d 943, 958 (Fed. Cir. 2008), *aff'd but criticized sub nom. Bilski* v. *Kappos*, 561 U.S. 593 (2010) ("Whether a claimed process is novel or non-obvious is irrelevant to the § 101 analysis."); *Diehr*, 450 U.S. at 190 ("The question . . . of whether a particular invention is novel is wholly apart from whether the invention falls into a category of statutory subject matter.") (internal quotations omitted); *First-Class Monitoring, LLC* v. *United Parcel Serv. of Am., Inc.*, 2019 WL 3290123, at \*12 (E.D. Tex. July 22, 2019) ("The fact that the PTAB found that claims 6 and 8 were not invalid for obviousness does not resolve the issue of patent eligibility. It is well

---

[1]    It is telling that Symantec frequently cites to the PTAB's IPR decisions in its reply brief. Reply Br. at 3, 12, 19.  Of course, Symantec does not highlight the fact that the only claims that remain at issue in this case are those where Symantec failed on the very arguments it attempts to recycle in its reply.

[2]    Symantec's repeated reference to factual determinations in the PTAB's IPR decisions is further reason to deny its motion.  The IPR decisions are not referred to in the pleadings.  Further, although the Court can take judicial notice of the IPR decisions for the fact that they occurred, it should not take judicial notice of the facts within those decisions, as "[o]nly indisputable facts are susceptible to judicial notice." *Nolte* v. *Capital One Fin. Corp.*, 390 F.3d 311, 317 (4th Cir. 2004) (declining to take judicial notice of allegations in complaint); *see also In re Alexander*, 524 B.R. 82, 89 (E.D. Va. 2014) ("The court will not accept as 'adjudicative fact' the findings in another case, especially one in which the Alexanders were not a party."); *cf. Q Int'l Courier Inc.* v. *Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) (Taking judicial notice "of facts from a prior judicial proceeding" in the context of evaluating res judicata defense).

-3-

established that patent eligibility within the meaning of section 101 of the Patent Act and novelty within the meaning of sections 102, 103, and 112 of the Patent Act are discrete issues.").  Indeed, Symantec admitted as much when it was in its interest to do so.  In asking the Court to remove the briefing stay on this motion Symantec (correctly this time) argued that:

> "[W]hether a patent claim is new (not anticipated or obvious) pursuant to sections 102/103 or directed to patent-eligible subject matter under section 101 are two distinct inquires. *See Synopsys, Inc.* v. *Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) ("[A] claim for a *new* abstract idea is still an abstract idea. The search for a § 101 inventive concept is thus distinct from demonstrating § 102 novelty") (emphasis in original)."

Dkt. No. 250 ("Briefing Stay Memo") at 2.  Symantec's arguments regarding IPR and prior art should thus be disregarded as entirely irrelevant, especially with respect to "step one" of the *Alice* analysis.

Furthermore, Symantec's repackaging of §§ 102 and 103 arguments also should be disregarded for the independent reason that it  runs afoul of this Court's Order granting Columbia's Motion for Partial Summary Judgment regarding IPR estoppel.  Pursuant to that Order, Symantec is estopped from raising invalidity arguments on the basis of prior art, *Columbia* v. *Symantec*, --- F. Supp.3d ----, 2019 WL 2814682, at *12 (E.D. Va. July 2, 2019) (Dkt. No. 251), and Symantec's counsel explicitly disclaimed prior art invalidity arguments at the August 1, 2019 tutorial hearing (Hr'g Tr. at 22-23) ("[A]nticipation and obviousness, which, I think Your Honor understands, is no longer a part of this case for other reasons that were in the summary judgment motion. That would fall under Section 102, which is anticipation, and . . . Section 103, obviousness.").  Symantec cannot continue to "intrude over  the borders" of the Court's Order by improperly dressing up prior art invalidity arguments as other theories, especially when Symantec merely rehashes invalidity arguments that already failed in front of the PTAB and Federal Circuit.  Consistent with the Court's Order, Symantec represented that its Motion for Judgment on the

-4-

Pleadings "only challenges the validity of the asserted patents under 35 U.S.C. § 101," Briefing

Stay Memo at 2, and Symantec should be held to that position.[3]  Symantec's *de facto* arguments

regarding prior art invalidity should be disregarded entirely in deciding the Motion for Judgment

on the Pleadings.

## II.    THE ASSERTED CLAIMS MUST BE EVALUATED AS A WHOLE.

Even if the Court were to consider Symantec's element-by-element claim

analysis—which is largely based on improper comparison of claim elements to the IPR results

and prior art, even as to "step one"—Symantec commits *further* legal error by evaluating each of

the asserted claim elements *in isolation*.  The Supreme Court in *Alice* was explicit: "patent claims

must be considered as a whole." *Alice Corp. Pty.* v. *CLS Bank Int'l*, 573 U.S. 208, 218 n.3 (2014)

(citations and internal quotations omitted); *see also Athena Diagnostics, Inc.* v. *Mayo*

*Collaborative Servs., LLC*, 915 F.3d 743, 750 (Fed. Cir. 2019) ("The step one 'directed to' inquiry

focuses on the claim as a whole."); *McRO, Inc.* v. *Bandai Namco Games Am. Inc.*, 837 F.3d 1299,

1312 (Fed. Cir. 2016) ("[T]he claims are considered in their entirety to ascertain whether their

character as a whole is directed to excluded subject matter.").  And the "whole claim" requirement

is not unique to the § 101 inquiry.  Even under a prior art invalidity analysis pursuant to §§ 102

and 103 (which is entirely improper here), it is plain error to evaluate the claim elements in

isolation. *See*, *e.g.*, *In Re: Copaxone Consol. Cases*, 906 F.3d 1013, 1027 (Fed. Cir. 2018) ("[T]he

determination of obviousness is made with respect to the subject matter as a whole, not separate

pieces of the claim.") (citations omitted);  *UCB, Inc.* v. *Accord Healthcare, Inc.*, 890 F.3d 1313,

1324 (Fed. Cir. 2018) ("[T]hose differences [between the claims] cannot be considered in

---

[3]     Indeed, Columbia did not oppose lifting the briefing stay because it understood "Symantec [to be] raising a separate legal argument about patent eligibility under 35 U.S.C. § 101" which would not raise arguments based on "prior art."  *Id*. at 3.

isolation—the claims must be considered as a whole.") (citations omitted); *WBIP, LLC* v. *Kohler Co.*, 829 F.3d 1317, 1330-31 (Fed. Cir. 2016) ("[T]he obviousness inquiry centers on whether 'the claimed invention as a whole' would have been obvious.") (citations omitted).  Simply put, it is wholly inconsistent with established Federal Circuit precedent to evaluate the asserted patent claims one isolated element at a time, exactly as Symantec does in the reply.

Moreover, Symantec's isolated element approach does nothing more than advance arguments that failed in front of the PTAB and Federal Circuit.  After a full evidentiary hearing concerning the same anticipation and obviousness arguments, the PTAB found that the asserted claims—the only claims remaining in this litigation—were not obvious or anticipated.  Symantec Br. at Exs. A, B.  The Federal Circuit summarily affirmed. *Trustees of Columbia Univ. in the City of New York* v. *Symantec Corp.*, 714 F. App'x 1021 (Fed. Cir. 2018).  If the PTAB's findings are relevant at all to the issue presently before the Court—which they are not—Symantec cannot escape that the asserted claims were not invalidated by the PTAB, and were found to be novel and non-obvious against Symantec's arguments.

The Court should decline Symantec's further invitation to address legally incorrect arguments by analyzing the asserted claims one element at a time in isolation.  As shown in Columbia's Brief in Opposition (Dkt. No. 264) and below, when the asserted claims are properly considered as a whole, the analysis reveals that they are directed to a specific technique to improve computer system performance.

## III.    THE ASSERTED CLAIMS ARE DIRECTED TO A SPECIFIC TECHNIQUE THAT IMPROVES COMPUTER SYSTEM PERFORMANCE.

In its reply (Reply Br. at 4), Symantec addresses for the first time *Finjan, Inc.* v. *Blue Coat Sys., Inc.*, 879 F.3d 1299, 1305 (Fed. Cir. 2018), and Symantec appears to agree with Columbia that the relevant question for the Court is the following:  Do the asserted claims reflect

a "specific improvement in computer functionality" rather than "a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool[?]" *Finjan*, 879 F.3d at 1303. When Symantec's  improper prior art and isolated claim element arguments are stripped away, it is clear that the asserted claims as a whole are directed to a specific technique that improves computer functionality.  That is so because the asserted claims obviously are directed to and only make sense in the context of an actual improvement to computer system performance—*i.e.*, using specific computer system instruments and techniques to improve performance by improving the computer system's ability to protect itself against malware.  In other words, the asserted claims are directed to a specific improvement to a computer system, not merely an abstract idea where a human carries out the idea by using a computer system to increase the speed or efficiency of its implementation.  *Compare*, *e.g.*, *Ancora Technologies, Inc.* v. *HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) ("[i]mproving security . . . can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem") *with Intellectual Ventures I LLC* v. *Erie Indemnity Co.*, 711 F. App'x 1012, 1015, 1016-17 (Fed. Cir. 2017) (claims were unpatentable because they were "not directed to an improvement in the way computers operate," but simply "purport[ed] to accelerate the process of finding errant files and to reduce error").

The fact that the asserted patent claims are directed to a specific technique for improving computer system performance is established  by considering how each of the patent claim elements, taken together as a whole, interact:

- First, the "preamble" recites detection of anomalous program executions, and program execution is something that occurs only in the context of a computer system (*i.e.*, there is no "real world" analog).

- Second, the detection proceeds by executing the program in an emulator, which also is an instrument and technique that exists only in the context of a computer system (*i.e.*, there is no "real world" analog).

- Third, function calls made by the executed program in the emulator are compared to a model of function calls derived from prior executions, features that only exist in the context of a computer system (*i.e.*, there is no real world analog). Indeed, Symantec's witnesses ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮.[4]

- The model of function calls is taught to be a combined model created using different computers or a randomly selected model, which Columbia experts will testify makes the model stronger and more commercially acceptable—*e.g.*, through reduction of "false positives" and enhanced ability to detect malicious behavior through broader user experience.

- Fourth, the function calls made in the emulator—when sent for comparison to the model—are determined to be anomalous or not, and then information about an anomaly is communicated to an application community. Notably, this creates the potential for a productive "feedback" loop, which links up with the combined model element, thus incorporating community experience and making the model, and thus the detection technique, better. Indeed, Symantec's own website today highlights the real-world utility of the ability to collect data from an application community.[5]

When all of the asserted claim elements are considered together as the law requires, it is clear that the claimed invention is a specific technique to improve computer system performance for the simple reason that the claims make no sense outside of that context. The claims do not merely claim "finding anomalies in data" and then a human using a computer in a

---

[4]    *See* Shane Pereira 30(b)(6) Tr. 51:6-9 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[5]    https://support.symantec.com/us/en /article.howto80929.html (last visited August 26, 2019) (*see* last table entry, "Allow clients to submit information about SONAR detections to Symantec"). These admissions of Symantec, and the 30(b)(6) testimony cited above, are but two obvious examples of why the Motion for Judgment on the Pleadings must fail. As described in Columbia's opposition brief, the Federal Circuit has explained that (1) the presumption of patent validity applies to § 101 challenges; and (2) disputed facts for the jury can make it inappropriate to summarily resolve a § 101 issue on the pleadings or at summary judgment. Although the Court can deny Symantec's motion at "step one" of the *Alice* inquiry, if the Court moves to "step two," disputed facts—including those identified above and in Columbia's opposition brief—preclude granting Symantec's Judgment on the Pleadings.

-8-

-9-

conventional way to accelerate finding the anomalies; rather, the claims are directed to specific instruments and techniques that, when put together, allow the computer system to better detect malicious programs without damage to the computer, and despite changes and evolution in the malicious programs themselves.  Thus, the patent claims survive a § 101 analysis at "step one," employing the test that the parties appear to agree should govern the outcome of the Motion for Judgment on the Pleadings—*i.e.*, whether the claims are directed to a "specific improvement in computer functionality" (Reply Br. at 4).

## IV.    CONCLUSION

For the foregoing reasons and the reasons in Plaintiff's Brief in Opposition (Dkt. No. 264), Symantec's motion for judgment on the pleadings should be denied, and Symantec's § 101 defense should be denied with prejudice as a matter of law.

Dated:  October 11, 2019                              Respectfully submitted,

                                                     */s/ John M. Erbach*
                                                     Dana D. McDaniel (VSB No. 25419)
                                                     John M. Erbach (VSB No. 76695)
                                                     SPOTTS FAIN, P.C.
                                                     411 East Franklin Street, Suite 600
                                                     Richmond, Virginia  23219
                                                     Tel.: (804) 697-2065
                                                     Fax:  (804) 697-2165
                                                     dmcdaniel@spottsfain.com
                                                     jerbach@spottsfain.com

                                                     Garrard R. Beeney (*pro hac vice*)
                                                     Dustin F. Guzior (*pro hac vice*)
                                                     Stephen J. Elliott (*pro hac vice*)
                                                     SULLIVAN & CROMWELL LLP
                                                     125 Broad Street
                                                     New York, New York  10004
                                                     Tel.: (212) 558-4000
                                                     Fax:  (212) 558-3588
                                                     beeneyg@sullcrom.com
                                                     guziord@sullcrom.com
                                                     elliotts@sullcrom.com

                                                     *Counsel for Plaintiff The Trustees of*
                                                     *Columbia University in the City of New*
                                                     *York*

- 10 -

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 11th day of October, 2019, I will electronically file the foregoing Sur-Reply in Opposition to Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and 35 U.S.C. § 101 using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By: */s/ John M. Erbach*
John M. Erbach (VSB No. 76695)
jerbach@spottsfain.com
SPOTTS FAIN, P.C.
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2065
Fax: (804) 697-2165