IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK,

        Plaintiff,

v.

                                                        UNDER SEAL
                                                    Civil Action No. 3:13cv808

NORTONLIFELOCK, INC.,

        Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on the following:

(1)     Plaintiff the Trustees of Columbia University in the City of New York's ("Columbia") Motion for Leave to File Sur-Reply, (ECF No. 580);

(2)     Defendant NortonLifeLock, Inc.'s ("Norton") Motion for Sanctions (ECF No. 477);

(3)     Columbia's Motions to Seal Exhibits, (ECF Nos. 543, 626);

(4)     Columbia's First Omnibus Motion *in Limine*, (ECF No. 489), and Second Omnibus Motion *in Limine*, (ECF No. 491) (collectively, the "Omnibus Motions");

(5)     Norton's Motions *in Limine*, (ECF Nos. 493, 595), (collectively, with the Omnibus Motions, the "Motions *in Limine*");

(6)     Columbia's Motion for Leave to File a Cross Motion for Partial Summary Judgment, (ECF No. 630); and,

(7)     Columbia's Motions for Leave to File Supplemental Authority, (ECF No. 648, 651), (collectively, with the previous motions, the "Pending Motions").

The Parties have either responded to the Pending Motions or the time to do so has expired. These matters are ripe for disposition. The Court dispenses with oral argument because

the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court will address the Pending Motions *seriatim*.

### I. Background

Columbia began this patent infringement and related claims litigation against Norton over seven years ago. Columbia alleges that Norton's Antivirus software infringed on three of Columbia's patents. (ECF No. 12.) The Court provided an in-depth discussion of the procedural history in its prior Memorandum Opinions—the *Inter Partes Review* Opinion, (ECF No. 251); the Markman Opinion, (ECF No. 253); and, the Court's opinion addressing Norton's Rule 12(c) Motion, (ECF No. 288)—and incorporates that description here. The Court assumes familiarity with those decisions.

### II. Analysis

#### A. Columbia's Motion for Leave to File Sur-Reply

The Court will grant Columbia's Motion for Leave to File Sur-Reply. (ECF No. 580.) Columbia seeks to file a sur-reply to Norton's Reply (ECF No. 562) in support of its Motion for Sanctions (ECF No. 477) (discussed below in subsection B) because Columbia argues that Norton's reply brief contains new evidence and argument. Norton "takes no position on whether Columbia's motion should be granted." (Def's Mem. Opp. Pl. Mot. Sur-Reply 1, ECF No. 602.)

Eastern District of Virginia Local Civil Rule 7 prohibits a party from filing a sur-reply without first obtaining leave of Court. E.D. Va. Loc. Civ. R. 7(F)(1) ("No further briefs . . . may be filed without first obtaining leave of Court."). A court has the discretion to grant a responding party leave to file a sur-reply when the moving party has raised new arguments or brought forth

2

new material in its reply brief. *Dillard v. Kolongo*, No. 1:16cv1060, 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017).[1]

The Court will grant Columbia leave to docket its sur-reply because Norton's reply introduces new evidence concerning the Motion for Sanctions. In its Reply, Norton submits evidence not addressed in its Memorandum in Support of the Motion for Sanctions (ECF No. 478), including fact declarations from Dr. Dacier, defense counsel Nathan Hamstra, who purports to represent Dr. Dacier; and, a declaration from an expert, Dennis J. Quinn, which is based on the new evidence put forward by Norton. Norton's new evidence provides helpful context for the Motion for Sanctions, and therefore, the Court will grant the Motion for Leave to File Sur-Reply, allowing Columbia to address the newly filed evidence. (ECF No. 580.)

### B. Norton's Motion for Sanctions

The Court will deny Norton's Motion for Sanctions. (ECF No. 477.) Norton seeks sanctions against Columbia because it alleges that opposing counsel improperly contacted a potential trial witness who was represented by counsel, in violation of Virginia Rule of Professional Conduct 4.2.[2] (Mem. Supp. Mot. Sanctions 5, ECF No. 478.) Norton suggests that,

---

[1] The Court notes that "[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter." *Lismont v. Alexander Binzel Corp.*, No. 2:12cv592, 2014 WL 12527239, at *3 (E.D. Va. May 23, 2014) (internal quotations omitted) (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)). Generally, the Court would disregard those new arguments raised for the first time in a reply brief and deny the request for a sur-reply.

[2] That Rule provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Va. Code of Pro. Conduct r. 4.2.

3

in October 2019, counsel for Columbia "engaged in *ex parte* communications with [Dr.] Marc Dacier, a former employee of Norton who has been personally represented by Quinn Emanuel since 2014." (*Id.*) As a sanction for the alleged communications, Norton seeks the following:

(1) exclusion from trial any evidence obtained from the *ex parte* communications with Dr. Dacier;

(2) proscription of further *ex parte* communications between plaintiff's counsel and Dr. Dacier;

(3) confirmation that Dr. Dacier cannot be compelled to testify at trial given that he lives in France;

(4) prohibition of comments from plaintiff's counsel commenting on Dr. Dacier's absence at trial if he decides not to testify; and,

(5) award of attorneys' fees and costs related to the Motion for Sanctions.

(*Id.* 6.)

In response, Columbia argues that Dr. Dacier was not represented by defense counsel, and if he were, Columbia spoke with him only on the reasonable belief that he was not represented. (Pl. Mem. Opp. Def's Mot. Sanctions 5, ECF No. 546.) Columbia states that, when plaintiff's counsel contacted Dr. Dacier in 2019, Dr. Dacier communicated "unequivocally that he was not represented by counsel and was happy to come to trial to give . . . testimony." (*Id.* 12.) Columbia also represents that it told Dr. Dacier in that conversation not to reveal any attorney-client privileged information from his prior representation. (*Id.*) Dr. Dacier said that he wanted to contact his daughter, who is an attorney, to discuss the issue with her, as well as Symantec (now "Norton") to confirm that he would not be breaking an employment contract by testifying at trial. (*Id.* 13.) Columbia submits emails that confirm Dr. Dacier contacted Symantec on November 19, 2019, and then again on November 28, 2019 to follow up, but that Symantec did not respond for months, and did so only after Dr. Dacier was identified as a

4

witness for Columbia. Norton then claimed representation. (Pl. Mem. Opp. Def's Mot. Sanctions Ex. 6, ECF No. 546-1.)

In February 2020, while his emails remained unanswered, Dr. Dacier stated on a phone call with Columbia's attorneys that his daughter confirmed he was not represented by counsel, that he did not want to be represented by counsel, and that he wanted to continue speaking with Columbia's attorneys. (Pl. Mem. Opp. Def's Mot. Sanctions 14, ECF No. 546.) On March 27, 2020, Columbia served its witness list, including that they were planning on calling Dr. Dacier. Only after that, on April 10, 2020, did Norton's attorneys contact Dr. Dacier to advise him about how to respond to the request to testify. (*Id.* 11.)

Because Columbia reasonably believed that Dr. Dacier was not represented by defense counsel, the Court will deny the Motion for Sanctions. (ECF No. 477.) Virginia Rule of Professional Conduct 4.2 applies when counsel "communicates about the substance of a representation" with a person "the lawyer knows to be represented." Va. Code of Pro. Conduct r. 4.2. Dr. Dacier informed plaintiff's counsel at the time of the communications that he was not represented by counsel, and Dr. Dacier's own email to Norton personnel confirms this assumption. Further, Dr. Dacier's email supports Columbia's argument that counsel asked Dr. Dacier to confirm whether he was represented by counsel, which he believed he was not. Columbia attorneys' contact with Dr. Dacier was therefore in good faith and is not sanctionable.[3] For these reasons, the Court will deny the Motion for Sanctions, including Norton's requests to exclude information obtained by Dr. Dacier and the request to exclude him from trial.

---

[3] It remains undetermined whether Dr. Dacier was or was not represented by Norton's attorneys in October 2019.

### C. Columbia's Unopposed Motions to Seal

The Court will grant Columbia's Motions to Seal. (ECF Nos. 543, 626.) Columbia's first Motion to Seal, (ECF No. 543), involves Columbia's unredacted Memorandum in Opposition to Norton's Motion for Sanctions, (ECF No. 546), and Exhibits 6 and 7 to the Memorandum, (ECF Nos. 546-1 and 546-2). Columbia does not agree that the documents meet the requirements to be filed under seal, but files the motion because Norton has designated the documents as confidential. (Mem. Supp. Mot. Seal 1–2, ECF No. 544.) Norton consents to Columbia's Motion to Seal, given that they claim the exhibits contain privileged communications between Dr. Dacier and defense counsel, and Norton itself filed redacted versions of the same exhibits to its Motion for Sanctions, (ECF No. 477). (Resp. Mot. Seal. 2, ECF No. 556.)

In the second Motion to Seal, (ECF No. 626), Columbia seeks to file Exhibits G through I, (ECF Nos. 629-2, 629-3, and 629-4), to its Memorandum in Support of its Cross-Motion for Partial Summary Judgment Regarding Prosecution History Estoppel, (ECF No. 631), under seal. (Mem. Supp. Mot. Seal 1, ECF No. 627.) Columbia "takes no position with respect to whether Exhibits G through I meet the standard to seal documents," but Norton does not contest the motion to seal because it has designated Exhibit G, containing excerpts of the Report of Dr. Trent Jaeger, dated October 10, 2019, Exhibit H, containing excerpts of the Report of Dr. Michael Bailey, dated August 26, 2019, and Exhibit I, containing an excerpt of the Rebuttal Report of Dr. Michael Bailey, dated November 18, 2019, as "confidential." (*Id.* 1–2.) Norton does not contest either Motion to Seal, and instead provides argument in support of the Motions to Seal via its responses. (ECF Nos. 556, 635.)

To determine whether the interests in sealing records outweigh First Amendment considerations, a district court must: (1) provide notice to the public and give the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).[4]

The Motions to seal have been pending for sufficient time to give the public notice and an opportunity to object. The Court will temporarily seal Exhibits 6 and 7 to Columbia's Memorandum in Opposition to Norton's Motion for Sanctions because they may include communications subject to the attorney-client privilege.[5] If they do, Norton has a legitimate interest in maintaining the privileged and confidential nature of its communications with former Norton employee Dr. Dacier, who gave testimony in 2014. Temporarily sealing portions of the Memorandum in Opposition is appropriate because it contains references to the information contained in Exhibits 6 and 7. Sealing is appropriate for Exhibits G through I to Columbia's Memorandum in Support of its Cross-Motion because they contain highly confidential, non-public information regarding Norton's business, processes, and products. These interests outweigh the public's right to access, and no less drastic alternative than sealing can protect these interests. Therefore, the Court will grant the Motions to Seal. (ECF Nos. 543, 626.)

---

[4] While Federal Circuit law governs substantive issues in patent cases, the law of the Fourth Circuit governs motions to seal. *Level 3 Comm's., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 575 (E.D. Va. 2009).

[5] Again, it remains undetermined whether the attorney-client privilege was in place at that time, but the Court will temporarily seal the documents until it makes a determination on privilege.

### D. The Parties' Motions *in Limine*

Both Parties' Motions *in Limine* pend before the Court. (ECF Nos. 489, 491, 493, 595). Given this Court's forthcoming Partial Summary Judgment and *Daubert* opinions, the Court will deny without prejudice the Motions *in Limine* as moot and allow the Parties to refile any motions *in limine* in accordance with the Court's forthcoming opinions no later than four (4) weeks before trial.

Columbia's First Omnibus Motion, (ECF No. 489), seeks exclusion of evidence of the following: 2015–2019 malware detection data; 2017–2019 non-infringing alternatives; post-litigation business developments; post-conversion developments; the "first and second" combined model alternatives; the "second and third" combined model alternatives; and, the "random selection alternative." (*See* Mem. Supp. First Omnibus Mot., ECF No. 488-1.) Columbia also broaches the issue of admissibility of prior art and the IPR proceedings. (*Id.*)

Columbia's Second Omnibus Motion, (ECF No. 491), seeks exclusion of evidence of the following: allegedly irrelevant offers to license patents; Columbia's internal analyses concerning potential licenses; non-comparable license agreements; patents that are no longer asserted in this case; evidence of Norton's own patent portfolio; expert opinions offered by fact witnesses; and, Norton's settlement offers. (Mem. Supp. Sec. Omnibus Mot., ECF No. 488-2.)

Norton's Motions *in Limine*, (ECF Nos. 493, 595) seek exclusion of the following: the amount Broadcom paid for Norton's Enterprise business and the value of a loan secured by Norton's patents; arguments, evidence, or reference to alleged copying of the 115 and 322 Patents by Norton; evidence not produced in discovery; comments and arguments regarding Dr. Dacier's absence from trial; *ex parte* communications between Dr. Dacier and plaintiff's counsel; and, reference to the *Inter Partes* Review proceedings concerning the asserted patents.

(Mem. Supp. Mots. *Limine*, ECF No. 498.) Norton also seeks to exclude Columbia's allegedly untimely arguments concerning willfulness. (Mem. Supp. Mot. *Limine*, ECF No. 600.)

The Court will deny without prejudice the Motions *in Limine* and allow the Parties to refile any motions *in limine* closer to trial. A majority of the above-listed issues are argued in the Motion for Partial Summary Judgment and the Parties' *Daubert* motions, and will therefore be addressed at length in the Court's forthcoming opinions. As such, the Court will order the Parties to refile any motion *in limine* in accordance with the findings presented in its Partial Summary Judgment and *Daubert* opinions.

### E. Columbia's Motion for Leave to File a Cross Motion for Partial Summary Judgment

The Court will take under advisement Columbia's Motion for Leave to File a Cross-Motion for Partial Summary Judgment Regarding Prosecution History Estoppel, (ECF No. 630), and require Norton to submit a proposed substantive reply to the issues raised in the cross-motion within fifteen (15) days of this order.

Columbia sought leave to file the cross-motion on August 28, 2020, seven months after the dispositive-motions deadline on January 23, 2020. Columbia asserts that "Norton revealed its position regarding prosecution history estoppel only the day before the parties filed their Proposed [Pretrial Order]" on June 5, 2020. (Mem. Supp. Mot. Leave. 3, ECF No. 631.) Norton responds that Columbia had notice of Norton's prosecution history estoppel defenses in October 2019 through Dr. Trent Jaeger's expert report, and "even if Columbia had not become aware of Norton's position on prosecution history estoppel until June," there is no good cause for the

9

almost three-month delay between when the PTO was entered in June and when Columbia filed its motion in August. (Mem. Opp. Pl. Mot. Leave 2, ECF No. 638.)[6]

The Court acknowledges that the progress of this case has been unconventional and delayed because of the COVID-19 pandemic. The Court will therefore take the motion under advisement pending Norton's proposed reply, to be submitted within fifteen (15) days of this order.

### F. Columbia's Motions for Leave to File Supplemental Authority

The Court will grant Columbia's Motions for Leave to File Supplemental Authority. (ECF Nos. 649, 651.) Columbia presents two sources of authority for considerations in the Court's *Daubert* determinations: (1) *Centripetal Networks, Inc. v. Cisco Systems, Inc.*, 2:18cv94, 2021 WL 1030286 (E.D. Va. Mar. 17, 2021) (opinion); and, (2) *Cytiva Sweden AB, et al. v. Bio-Rad Laboratories, Inc.*, 18cv1899-CFC (D. Del. June 1, 2021) (order). The Court will consider these authorities in its forthcoming *Daubert* decisions.

### III. Conclusion

For the reasons stated above, the Court:

(1) GRANTS Columbia's Motion for Leave to File Sur-Reply, (ECF No. 580);

(2) DENIES Norton's Motion for Sanctions, (ECF No. 477);

(3) GRANTS Columbia's Motions to Seal, (ECF Nos. 543, 626);

---

[6] Federal Rule of Civil Procedure 16(b) governs the scheduling order issued by the presiding court. *See* Fed. R. Civ. P. 16(b). Rule 16(b)(4) declares that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Weisheit v. Rosenberg & Assocs., LLC*, No. 17cv832, 2018 WL 1942196, at * 3 (D. Md. Apr. 25, 2018) (citations omitted). The Court, in considering a request to modify the scheduling order, need not make a finding as to whether the parties would be prejudiced in granting such a request. *McMillan v. Cumberland Cnty. Bd. of Educ.*, 734 F. App'x 836, 845 (4th Cir. 2018) (affirming denial of leave to amend scheduling order because plaintiff's "argument that the Defendants would not be prejudiced is beside the point" because plaintiff "must show good cause").

(4)     DIRECTS the Clerk to file Columbia's unredacted Memorandum in Opposition to Norton's Motion for Sanctions, (ECF No. 546), and Exhibits 6 and 7 to that Memorandum, (ECF Nos. 546-1 and 546-2), under seal;

(5)     DIRECTS the Clerk to file Exhibits G through I to Columbia's Memorandum in Support of its Cross-Motion for Partial Summary Judgment, (ECF Nos. 629-2, 629-3, and 629-4), under seal;

(6)     DENIES WITHOUT PREJUDICE the parties' Motions *in Limine*.

(7)     ORDERS parties to file any motions *in limine* based on the Court's findings in the forthcoming Partial Summary Judgment and *Daubert* opinions no later than four (4) weeks before trial;

(8)     TAKES UNDER ADVISEMENT Columbia's Motion for Leave, (ECF No. 630). Norton SHALL file a proposed response to Columbia's proposed cross-motion no later than fifteen (15) days from the date of this Order; and,

(9)     GRANTS Columbia's Motions for Leave to File Supplemental Authority, (ECF Nos. 648, 651).

Let the Clerk send a copy of this Memorandum Order to all counsel of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 09/29/2021
Richmond, Virginia