IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK,

       **Plaintiff,**

    **v.**                                  **Civil Action No. 3:13cv808**

**NORTONLIFELOCK, INC.,**

       **Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff The Trustees of Columbia University in the City of New York's ("Columbia") Motion for Clarification of the Court's Decision Denying Norton's Motion for Judgment on the Pleadings (the "Motion"). (ECF No. 620.) Defendant NortonLifeLock Inc. ("Norton") responded, (ECF No. 632), and Columbia replied, (ECF No. 637). For the following reasons, the Court will grant in part the Motion for Clarification, but deny the Motion as to Columbia's interpretation of the Court's November 19, 2019 opinion. However, the Court will strike Norton's § 101 invalidity defense *sua sponte* under Federal Rule of Civil Procedure 12(f)(1).

## I. The Court's November 19, 2019 Section 101 Opinion

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d

107, 115 (4th Cir. 2013) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Therefore, a motion for judgment on the pleadings "is designed to provide a means of disposing cases when the material facts are not in dispute between the parties."  5C Arthur R. Miller, *et al.*, Federal Practice and Procedure § 1367 (3d ed. 2019) (citing cases).

"Patent eligibility can be determined on the pleadings under Rule 12(c) when there are no factual allegations that, when taken as true, prevent resolving the eligibility question as a matter of law." *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1007 (Fed. Cir. 2018) (citing *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018)).  "Patent eligibility under § 101[1] is a question of law that may involve underlying questions of fact." *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019) (citation omitted).

### B.    Analysis

#### 1.    The Court's Section 101 Opinion Did Not Constitute Summary Judgment

Columbia seeks clarification of the Court's November 19, 2019 Opinion denying Norton's Motion for Judgment on its § 101 defense[2] (the "Section 101 Opinion," ECF No. 288); *Trs. of Columbia Univ. in the City of New York v. Symantec Corp.*, 425 F. Supp. 3d 601 (E.D. Va. 2019).  In its Section 101 Opinion, the Court denied the Motion for Judgment, determining that, "given the statutory presumption of patent validity and viewing all well-pleaded factual

---

[1] Section 101 states: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."  35 U.S.C. § 101.

[2] As background, on May 24, 2019, Norton moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the basis that the '115 and '322 patents were "directed to unpatentable abstract ideas" under § 101 (the "Motion for Judgment").  (ECF No. 245.)

2

allegations favorably," Norton did not show "by clear and convincing evidence that Columbia's patent claims are abstract and invalid under § 101." *Id.* at 612.

In deciding Norton's Rule 12(c) motion, the Court took all well-pleaded allegations in Columbia's favor, including some claim construction disputes at issue. For instance, when considering the 322 Patent, the Court applied "only Columbia's proffer of the plain meaning of 'model of function calls for the at least a [part/portion] of the program' in this analysis," pursuant to Federal Circuit precedent. *Id.* 613; *see also MyMail, Ltd.*, 934 F.3d at 1379 ("[I]f the parties raise a claim construction dispute at the Rule 12(c) stage, the district court must either adopt the non-moving party's constructions or resolve the dispute to whatever extent is needed to conduct the § 101 analysis.") (citation omitted). Using this interpretation, the Court found that the 322 Patent satisfied the § 101 analysis because it "improve[s] computer functionality by improving computer virus scanning." 425 F. Supp. 3d at 614.

In sum, the Section 101 Opinion considered Columbia's allegations "for compliance with the Supreme Court's holdings in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)." *U.S. v. Sum of Three Hundred Nine Million Five Hundred Thousand Dollars*, 85 F. Supp. 3d 111, 115 (D.D.C. 2015) (citations omitted). The Court did not expressly convert the Rule 12(c) motion into a motion for summary judgment. As written, Norton received no notice that the Court's decision, in denying the Motion for Judgment, rendered a final determination of the issue. *Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, 541 F. App'x 964, 972 (Fed. Cir. 2013) (noting that a district court has the authority to grant summary judgment *sua sponte* but it must put the "losing party . . . on notice that [it] had to come forward with all of [its] evidence"). Columbia could have moved for summary judgment on Norton's § 101 defense. Columbia only cites cases where, when not presented at trial, a

3

decision on a § 101 defense went out on summary judgment. No party presented a case that barred a § 101 defense at trial based on a Rule 12 finding. *See, e.g., United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, 414 F. Supp. 3d 947, 958–59 (E.D. Tex. 2019). Columbia did not seek summary judgment. The Court's November 19, 2019 Section 101 Opinion denying Norton's Motion for Judgment on the Pleadings did not constitute summary judgment in non-movant Columbia's favor.

### 2.    Norton Has Not Otherwise Waived Its § 101 Defense

Columbia offers in its Motion for Clarification two other ways that Norton has purportedly waived its § 101 defense. First, Columbia argues that because Norton stated in its Memorandum in Support of the Motion for Judgment on the Pleadings that "[n]o further claim construction is needed to determine that the asserted claims are directed to unpatentable subject matter," (Mem. Supp. Mot. Judgment on the Pleadings 9, ECF No. 246), Norton implicitly invited the Court to dispositively resolve the § 101 issue regardless of future claim construction proceedings. (*See* Mem. Supp. Mot. Clarification 13, ECF No. 621.) This was indeed Norton's argument: that no further claim construction was necessary to decide validity under § 101—in *Norton's* favor. The Court expressly rejected this argument when it ruled against Norton and denied its Motion for Judgment. Contrary to Columbia's argument, the Court did *not* "exercise[]" its discretion to fully decide the § 101 issue at the Rule 12 stage." (*Id.*)

Second, Columbia asserts that Norton waived its § 101 defense via a footnote in a pleading related to one of the *Daubert* motions. (*See id.* 5 ("Finally, as noted, Norton's position that the validity of Columbia's patents remains an issue for trial blatantly contradicts what Norton repeatedly represented to the Court and to Columbia—*i.e.*, 'invalidity will not be an issue at trial.'").) However, reading that footnote in context of that Memorandum, it is clear that

4

Norton was referring to invalidity as to *prior art*, expressly saying so: "Dr. Jaeger expressly testified that he was not offering any opinions on invalidity and Norton is not raising an invalidity defense *based on prior art*." (Mem. Opp. Mot. Exclude Testimony of Dr. Trent Jaeger 2, ECF No. 420 (emphasis added).) As Norton stated in its Memorandum in Opposition of the Motion for Clarification, "[a]n invalidity defense under section 101 is not a defense of invalidity 'over the prior art' like defenses under 35 U.S.C. §§ 102 and 103." (Mem. Opp. Mot. Clarification 16, ECF No. 632.) Norton also represents in the Proposed Pretrial Order that "the footnote was merely confirming that invalidity would not be tried to the jury," not that it was waived on the whole. (Proposed Joint Pretrial Order 65, ECF No. 555.)

Norton preserved its § 101 invalidity defense by raising it in its Answer and in the Pretrial Order, despite being precluded from raising a prior art invalidity defense per the Court's July 2, 2019 *Inter Partes Review* Opinion (the "*Inter Partes Review Opinion*," ECF No. 251); *Trs. of Columbia Univ. in the City of New York v. Symantec Corp.*, 390 F. Supp. 3d 665, 681 (E.D. Va. 2019). Therefore, the Court's Section 101 Opinion did not dispositively decide the § 101 issue in Columbia's favor, nor did Norton otherwise waive its § 101 defense.

## II. The Court Will Strike Norton's § 101 Invalidity Defense Under Fed. R. Civ. P. 12(f)(1)

While the Court cannot find that its 12(c) decision closed the § 101 issue, the Court will strike the § 101 defense under Rule 12(f) for two reasons: because Norton's § 101 defense lacks a sufficient basis, and because striking that defense would promote judicial economy. In its § 101 Opinion, this Court evaluated in depth Norton's § 101 defense, explaining its finding in a detailed analysis. This earlier finding, coupled with the fact that the definition of "model of function calls" the Court adopted during claim construction mirrors the definition used in the

5

Section 101 Opinion (albeit with modified language), compels this Court to strike the § 101 defense entirely.

### A.    Legal Standard

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The court may act "on motion made by a party" or "on its own." *Id.* "[T]he Rule prescribes no time limit on the Court's ability to act *sua sponte*, if it deems such action proper." *SEC v. Am. Growth Funding II, LLC*, No. 16cv828, 2016 WL 8314623, at *4 (S.D.N.Y. Dec. 30, 2016).  "[S]triking an affirmative defense 'is proper when the defense is insufficient as a matter of law.'" *Harrison Co. LLC v. A-Z Wholesalers, Inc.*, No. 3:19-CV-1057-B, 2021 WL 913286, at *2 (N.D. Tex. Mar. 10, 2021) (citation omitted).  "'[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, 665 (2d ed. 1990)).

### B.    Analysis

The Court will strike Norton's § 101 defense *sua sponte* as a matter of law.  This case has reached a juncture where all proposed defenses and matters of fact have been submitted and trial is imminent.  It is clear to the Court that Norton's § 101 invalidity defense fails as a matter of law and would be "a [] wasteful use of this Court's resources [] to try." (Mem. Supp. Mot. Clarification 14, ECF No. 621 (internal quotation marks omitted).)  "[A]ddressing section 101 at the outset of litigation," or before trial has "a number of salutary effects [including] conserv[ing]

6

scarce judicial resources." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718 (Fed. Cir. 2014) (Mayer, J., concurring).

The Court will strike Norton's defense for the same reasons it denied its Motion for Judgment in the Section 101 Opinion, and assumes familiarity with that decision, incorporating its analysis here. *See* 425 F. Supp. 3d at 601. No dispute exists that, although the Section 101 Opinion "view[ed] all 'the inferences to be drawn [from the facts] in the light most favorable to [Columbia]," *id.* at 608 (second alteration in original) (citation omitted), the only factual issue that the Court specifically adopted in Columbia's favor in the Section 101 Opinion was the definition of "model of function calls for the at least a [part/portion] of the program." *Id.* at 613; (Mem. Supp. Mot. Clarification 3, ECF No. 621; Mem. Opp. Mot. Clarification 11–12, ECF No. 632; Proposed Joint Pretrial Order 66, ECF No. 555.)

Norton is correct that, although the Court assumed Columbia's interpretation of "model of function calls" at the Rule 12(c) stage and later adopted Columbia's interpretation of "model of function calls," the definition that the Court adopted at the 2019 Markman Hearing differed from the construction Columbia proffered for the Motion for Judgement on the Pleadings. In the Section 101 Opinion, the Court applied Columbia's suggested plain meaning of "model of function calls for the at least a [part/portion] of the program." 425 F. Supp. 3d at 613. In Columbia's Supplemental Claim Construction Brief—filed one day after the Court's Opinion on the Motion for Judgement on the Pleadings was issued—Columbia advocated for defining the phrase "model of function calls for the at least a [part/portion] of the program" as "model of function calls created by modeling program executions." The Court adopted the "modeling program executions" language after the 2019 Markman Hearing. (Dec. 20, 2019 Order 1, ECF No. 307.)

7

Columbia acknowledges this modification, but correctly identifies that it is of no moment. Claiming any linguistic difference between the "plain meaning" of "model of function calls for the at least a [part/portion] of the program" and "model of function calls created by modeling program executions" cannot be done. This is true because the constructions correctly describe materially the same process. The claim construction ultimately adopted by the Court is thus consistent with the plain meaning construction the Court indicated it would accept for purposes of the Rule 12 motion. Therefore, for the same reasons that "the surviving patent claims c[ould not] be deemed abstract ideas under Federal Circuit precedent, meaning they survive[d] *Alice* step one" in the Section 101 Opinion, the patent claims still survive *Alice* step one, and Norton's § 101 invalidity defense fails as a matter of law. 425 F. Supp. 3d at 617. No reason exists to evaluate this incontrovertible finding in duplicate. In the interest of judicial efficiency at this stage of the litigation and because Norton's § 101 defense is "insufficient" as a matter of law under Federal Rule of Civil Procedure 12(f), the Court will strike Norton's § 101 defense *sua sponte*.

### III. Conclusion

For the reasons stated above, the Court GRANTS in part Columbia's Motion for Clarification, but DENIES Columbia's request to apply its reasoning to the Court's Section 101 Opinion. (ECF No. 620.) However, the Court STRIKES AS A MATTER OF LAW Norton's § 101 invalidity defense under Federal Rule of Civil Procedure 12(f).

It is SO ORDERED.

Date: **12/23/2021**
Richmond, Virginia

_____
/s/
M. Hannah Lauck
United States District Judge

8