IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK,

        Plaintiff,

v.                                        Civil Action No. 3:13cv808

NORTONLIFELOCK, INC.,

        Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on Norton Lifelock, Inc.'s ("Norton") Motion for Reconsideration of Certain of the Court's *Daubert* Orders, (ECF No. 922), and Motion to Reconsider Norton's Motions *in Limine* Nos. 5 and 6 and for an Immediate Stay of the Proceedings, (ECF No. 928) (collectively, the "Motions for Reconsideration"). In its Motions, Norton seeks reconsideration of several *Daubert* and Motion *in Limine* decisions issued by this Court. Norton also seeks an immediate stay. The Motions will be denied.

*First*, Counsel for Norton seeks a stay because, it says, it had no opportunity to respond to Columbia's contention that a conflict existed as to representing Dr. Dacier and Norton. This is not true. For the reasons stated in ECF Nos. 889 and 900, and those below, the Court DENIES the Motion to Stay.

Columbia raised the issue of a conflict in briefing, and Norton had a full and fair opportunity to respond to that briefing. Norton filed its brief in response. No party disputed then or disputes now that Norton's counsel represented Dr. Dacier in 2014. But when deciding Norton's Motion for Sanctions, the Court explicitly said, and said why, "[it] remains

undetermined whether Dr. Dacier was or was not represented by Norton's attorneys in 2019." (ECF No. 663, n.3.) The Court reviewed all briefing and gave notice about the outstanding issue in November of 2021. The parties, including Norton, were explicitly notified that representation remained an outstanding question. No party sought different review by the Court. *Cf. ABS MB Inv. Ltd. P'ship v. Ivax Corp.*, No. 94-1923, 1996 WL 173131, at *3 (D. Md. Apr. 10, 1996) (instituting a stay to "hold an evidentiary hearing on the motion to disqualify" because "there d[id] not exist a factual record sufficient to allow a rational and wise determination of the motion").

Only after the Motions *in Limine* were filed did the Court see a November 18, 2021 email sent by Quinn Emanuel attorney Richard Erwine to Columbia attorney Garrard Beeney, saying, "Yes, Dr. Dacier has been informed of the order, including that the Court concluded that he is represented by Norton's counsel." ECF No. 803-31, Ex. QQ. Mr. Beeney responded, "Thanks, although I should add that we disagree with your reading of the order." The Court had not so concluded.

The fault for Norton's counsel having misread the Court's decision, or having strategically let the issue lay fallow between the explicit notice in November 2021 and the February 28, 2022 Motions *in Limine*, does not lay at the feet of the Court. Norton's counsel, who seeks emergency relief now, had ample opportunity to clarify the record or address any conflict. *See Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, No. 2:18cv585, 2022 WL 337293, at *3 (E.D. Va. Jan. 25, 2022) (stating that "[a]ny failure . . . to develop the record . . . rests with" the party that failed to develop the record).

*Second*, Quinn Emanuel mischaracterizes the procedural status of the case. Contrary to Norton's arguments, the Court did not "disqualify" Quinn Emanuel from representing Norton

*and* Dr. Dacier. The Court found that representing *both* was a conflict. Seemingly, Quinn Emanuel could represent one or the other with an appropriate waiver. Indeed, Norton was long ago told how to do this by Columbia expert Leslie Haley in her declaration. Ms. Haley said Virginia Rule of Professional Conduct 1.7(b) *"provides that if a concurrent conflict of interest exists, but the lawyer believes he or she can provide competent and diligent representation to each affected client, then the lawyer may ask for each client's informed consent to continue the representation."* (ECF No. 574-3, at 5.) The Court, in its discretion, would readily have permitted Quinn Emanuel to continue to represent Norton in this case given an appropriate waiver and would do so now.

Dr. Dacier's testimony is different. The peculiar circumstance of his unavailability—after the earlier finding that his 2019–20 statements could be adverse to Norton thereby creating questions about concurrent representation—counseled a different outcome. This was compounded by a third and perhaps more serious complication: the Court learned in the Motions *in Limine* that, apparently, Norton incorrectly told Dr. Dacier the Court deemed Quinn Emanuel his lawyer. The statement of Dr. Dacier's unavailability and consent to representation in its Motions *in Limine* were made only by Quinn Emanuel (not Dr. Dacier) in the face of an uncorrected and substantial record questioning concurrent representation. The Court concluded that Dr. Dacier is unavailable in the practical sense because Norton and Columbia have no time to expand the record before trial.

Allowing Norton to delay trial to correct its omission, as it seeks to do now, would create undue prejudice to Columbia and would unnecessarily impede a just and efficient trial. Delaying trial now (as Norton now asks) when Norton had months to create the record is not warranted. Because we are on the eve of trial, the Court allowed Dr. Dacier's statements to be admitted as

the only practical remedy that would keep trial viable. It did so after reasoned opinion and notice to the parties. Norton disagrees, but the proper place to have that heard is in the appellate court after trial.

This goes to Norton's assertions, which lack merit, that the Court went outside of the record during its decision-making. The Court did not step outside the record in its ruling on the Dacier Motions *in Limine* Opinion. While it did not hold a hearing on the Motions *in Limine*, it so acted confronting a burdensome approach to litigation whose volume made it inefficient to hear argument on the nearly 20 motions, but whose volume also created a more than sufficient record on which to rule. The manner in which the parties were presenting the case veered toward the unmanageable.

"It is a long-standing principle that a court has the inherent and discretionary authority to manage its docket to further 'economy of time and effort for itself, for counsel, and for litigants.'" *Wootten v. Virginia*, No. 6:14cv13, 2017 WL 1208676, at *2 (W.D. Va. Mar. 31, 2017) ((quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court must create a clear and appropriate record. Discerning how this large and significant case will be presented to a jury has required flexibility, which the Court has demonstrated.[1]

---

[1] The Court agreed to operate on a subset of documents when engaging in pretrial decisions and establishing a viable Final Pretrial Order. The Court granted leave for the parties to file only their "high priority" exhibits on the parties' representation that submitting the full exhibit lists and neutral descriptions would be inefficient for the parties and the Court.
The Court also agreed to review only "samples" of objections to "types" of documents on the parties' representation that the thousands of potentially admissible high priority exhibits would be too voluminous to review in their entirety. The parties' extensive filings created a confusing record over time, so the Court asked for a more detailed description in order to properly exercise its authority to economize time and effort, and to manage the orderly and efficient presentation of evidence to the jury. *See Wootten*, 2017 WL 1208676, at *2.
Columbia responded that it had 266 exhibits and 9873 pages of high priority exhibits identified. Columbia offered similar detail as to designations. Norton, on the other hand, responded by listing "114" as representing "[t]he total number of documents and the total

4

The Court had to remind to Norton re-submit documents in a discernible form just four business days ago. Norton submitted the samples of its objections to Columbia's high priority exhibits in such a perplexing manner that no document at issue could be found without a substantial investment of time and effort that would inherently result in delay of pretrial proceedings. Moreover, after the Court had spent time trying to review the documents, Norton did not inform the Court, until the hearing itself, that it had withdrawn objections to what was said to be "half of the objections identified."[2] This was an undue waste of resources for all involved.

The same background animates Norton's challenge to the *Daubert* decisions. The *Daubert* rulings were made on a voluminous record, with opportunity to be heard. The opinions explain the findings and the bases for them. The *Daubert* Motion for Reconsideration seeks to revisit findings well established and well explained on the record. The circumstances under which a court will reconsider a prior decision are rare. *Biedermann Techs. GmbH & Co. KG*, 2022 WL 337293, at *1. While Norton does identify a few factual misstatements in the Dacier Motions *in Limine*, its Motions are otherwise overstated and ungrounded.[3] The Court has reviewed each argument in the *Daubert* Reconsideration and the Dacier Reconsideration Motions. Norton raises nothing material or worth reconsidering. Upon due consideration, the

---

number of pages on Norton's high priority exhibit list." The remaining responses were similarly non-responsive. The Court ordered resubmission.

[2] Columbia withdrew 24 objections, but it did so with some notice to the Court before the hearing.

[3] Two times the Court referred to Provisional Patent dates and applicants rather than those of the final Patent. The Court mistakenly stated the '643 Patent issue date as April 4, 2011 (that of the provisional patent), when the '643 Patent actually issued on October 1, 2013. Similarly, the Court incorrectly stated that Dr. Dacier and Mr. Shou were listed as co-inventors of the '643 Patent, when they were both listed only on the provisional patent application filed on April 4, 2011. (ECF No. 803-42, at 2.) Mr. Shou is identified as the only inventor on the '643 Patent itself. These discrepancies are immaterial.

Court concludes that they essentially seek "multiple bites at the same apple" because they iteratively refine arguments that Norton could have reasonably presented in the first instance or, indeed, were. *Biedermann Techs. GmbH & Co. KG*, 2022 WL 337293, at *1.

Upon due consideration, the Court DENIES the Motions for Reconsideration and the Motion for an Immediate Stay. (ECF Nos. 922, 928.)

It is SO ORDERED.

Date: 3/22/2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge