# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, | ) ) ) ) |
| *Plaintiff*, | ) Civil Action No. 3:13-cv-00808-MHL ) ) |
| v. | ) ) |
| NortonLifeLock, Inc., | ) ) |
| *Defendant*. | ) ) ) |

**COLUMBIA'S RESPONSE TO THE COURT'S
APRIL 12, 2022 ORDER ON REMEDIES FOR THE
<u>CONDUCT OF NORTON REGARDING DR. DACIER (DKT. 1116)</u>**

Plaintiff, The Trustees of Columbia University in the City of New York ("Columbia"), submits this response to the Court's order directing the parties to brief (i) whether the Court should give the missing witness instruction proposed by Columbia or the instruction proposed by Norton, and (ii) what evidence regarding Dr. Marc Dacier's absence should be presented at trial. (Dkt. 1116.) While Columbia continues to believe that its missing witness instruction is appropriate, Columbia respectfully includes a shortened version of its instruction that—together with the admission of the April 6-7, 2022 email correspondence between Dr. Dacier and Norton's counsel (Ex. A, the ("Dacier Emails"))—would address Norton's concern regarding the Court commenting on case evidence by allowing the parties to argue the issue of Dr. Dacier's unavailability themselves.

## I. Columbia's Proposed Missing Witness Instruction

Columbia has two concerns regarding Norton's proposed instruction: Norton's instruction (a) fails to make clear that the missing witness is Dr. Dacier, and (b) fails to indicate that any adverse inference should be drawn against Norton as a result of procuring Dr. Dacier's absence. Without clarification of these points, Norton's proposed instruction does not come close to addressing the prejudice to Columbia from Norton's conduct in making Dr. Dacier unavailable. To the contrary, Norton's instruction risks prejudicing Columbia—as a result of Norton's conduct—by failing to inform the jury who the missing witness is or the identity of the party that may be subject to the adverse inference. Columbia is particularly concerned that an instruction that does not specifically name Dr. Dacier could be misinterpreted by the jury as directed to Stelios Sidiroglou, the third inventor of the '115 and '322 Patents, who is unable to attend trial due to a health issue. The jury should be clear: the instruction does not relate to Columbia's witness list.

Norton has objected to a missing witness instruction primarily on the basis that it could lead to an incorrect perception that the Court is commenting on the evidence. (Dkt. 1103 at

1.) While Columbia continues to believe its proposed instruction is appropriate, Norton's objection can be resolved by allowing Columbia to introduce as evidence the Dacier Emails, as described below. By allowing Columbia to introduce the Dacier Emails (which would further remedy the prejudice to Columbia, particularly now—as addressed below—that Norton will be using the absence of Dr. Dacier, which it obtained, to Norton's advantage) any concerns regarding the potential Court commentary on evidence could be redressed by the following shortened missing witness instruction:

> Earlier you heard the videotaped deposition testimony of Dr. Marc Dacier. Dr. Dacier did not appear at trial. If a party fails to call a witness who has knowledge about the facts and is reasonably available to that party, and who is not reasonably available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not do so.

The instruction above removes reference to a finding by the Court that (i) Dr. Dacier indicated a willingness to come to trial and (ii) Dr. Dacier was reasonably available to Norton. Columbia respectfully proposes that this shortened instruction addresses Norton's concern, but the edited instruction will only address Columbia's prejudice if Columbia is able to introduce the Dacier Emails as an exhibit (and make appropriate argument regarding the same), which is evidence produced by Norton to Columbia only the night after Norton addressed the missing witness issue before the Court. By allowing the Dacier Emails into evidence, Columbia will argue as a matter of evidence—rather than as a matter of the Court's findings—the two factual issues removed from the instruction above. Columbia's proposal would resolve the objection that Norton has raised regarding Court commentary by allowing the parties to address and argue the issue of Dr. Dacier's unavailability themselves.

## II. The Dacier Emails

If the Court decides to adopt Columbia's revised missing witness instruction, Columbia respectfully requests the ability to introduce the Dacier Emails into evidence. There can be no dispute regarding the authenticity of the Dacier Emails because (i) the Dacier Emails are between Dr. Dacier and Norton's counsel, (ii) Norton filed the Dacier Emails on the docket (Ex. A (Dkt. 1088-2)), and (iii) Norton made representations and arguments to the Court based on these emails (Dkt. 1088-1).

In addition, any hearsay objection that Norton may assert is unavailing. *First*, the Dacier Emails are admissible under the residual hearsay exception, FRE 807, for the same reasons that the Court has allowed Professor Stolfo and Professor Keromytis to testify regarding statements that Dr. Dacier made to them following Dr. Dacier's 2014 deposition. (*See* Dkt. 889 at 17-20.) As emails with Norton's counsel, the Dacier Emails are supported by sufficient guarantees of trustworthiness. And the statements in the Dacier Emails—including that Dr. Dacier believed that his testimony would be "harmful to Norton's case" (Ex. A at 1)—are among most probative evidence of the scienter element of Columbia's fraudulent concealment claim.

*Second*, the Dacier Emails should be admitted for the independent reason that they meet the requirements of FRE 804(b)(6), which allows hearsay to be admitted where the proponent shows "by a preponderance of the evidence, that '(1) the defendant engaged or acquiesced in wrongdoing (2) that was intended to render the declarant unavailable as a witness and (3) that did, in fact, render the declarant unavailable as a witness.'" *United States* v. *Dinkins*, 691 F.3d 358, 383 (4th Cir. 2012); *see also United States* v. *Gray*, 405 F.3d 227, 242 (4th Cir. 2005) ("the forfeiture-by-wrongdoing exception is necessary to prevent wrongdoers from profiting by their misconduct").

The Dacier Emails easily satisfy these three criteria. As Columbia has previously

showed, the conduct of Norton permits only one reasonable conclusion:  Norton intended to prevent Dr. Dacier from testifying at trial, and wrongfully prevented him from doing so.  (*See* Dkt. 1102; Ex. B (Apr. 7, 2022 Trial Tr.) 88:4-90:9.)  In addition to other compelling evidence, as Dr. Dacier himself stated, while he was willing to voluntarily testify at trial to "help the judicial process," Norton "*repeatedly* told [him] that there was no need for [him] to do anything [and] that *they did not want [him] to do anything*."  (Ex. A at 3 (emphasis added).)  Norton's pattern of conduct demonstrates that Norton intended to cause Dr. Dacier's unavailability.  *United States* v. *Pratt*, 915 F.3d 266, 275 (4th Cir. 2019) (affirming admission of hearsay pursuant to FRE 804(b)(6) where "[o]ver and over, [the party] tried to dissuade [the witness] from testifying"); *United States* v. *Scott,* 284 F.3d 758, 764 (7th Cir. 2002) (applying FRE 804(b)(6) where the wrongful conduct included applying "pressure to silence testimony and impede the truth-finding function of trials.").  The Court has already concluded that Norton "rendered Dr. Dacier unavailable" (Dkt. 889 at 17), which satisfies the third prong of the analysis.

        Admitting the Dacier emails into evidence avoids the need to inform the jury of the Court's decision that Norton's counsel rendered Dr. Dacier unavailable, which Columbia respectfully submits would otherwise be necessary since Norton's proposed missing witness instruction would harm Columbia.  (*See supra* at 1.)

        Moreover, the Court and Columbia have already seen the ways that Norton will attempt to gain an unfair advantage through the absence of Dr. Dacier, which Norton procured.  During its opening statement, Norton told the jury about Dr. Dacier's "intent" behind an email—making an assertion directly contrary to Dr. Dacier's apology to Professor Stolfo—knowing that Dr. Dacier would only be able to correct this misinterpretation if he were present for trial (Ex. C (Apr. 12, 2022 Trial Tr.) 329:20-25 ("Dr. Dacier is not admitting in this email or confessing that

we're stealing Dr. Stolfo's technology. He's saying I don't think he has protected it already.")). In just two days of testimony on cross examination, Norton also attempted without any foundation to portray Dr. Dacier as a disaffected former employee (*id.* at 330:8-15 ("Dr. Dacier, who's, I think, at this point no big fan of Symantec's or Mr. Shou's")). Of course, thanks to Norton, Dr. Dacier will not be able to defend himself.

Furthermore, during its cross-examination of Professor Stolfo, Norton again leveraged Dr. Dacier's absence to attempt to obtain testimony favorable for its case. (Ex. D (Apr. 13, 2022 Trial Tr.) 696:20-23 ("Nothing Dr. Dacier said to you suggested that Mr. Shou selected the names of the people listed as inventors on the '643 patent applications at any time; is that right?"); *id.* at 698:9-11 ("Nothing Dr. Dacier said suggested to you that it wasn't the patent lawyers who selected who the inventors were named on those applications?").)

In light of Dr. Dacier's absence because of Norton's counsel, and Norton's attempts to leverage Dr. Dacier's absence to benefit itself at trial, Norton should not be permitted to make further arguments during trial about what Dr. Dacier purportedly meant, intended or did.[1] Doing so would allow Norton to weaponize making Dr. Dacier unavailable, including by further misconstruing Dr. Dacier's emails and making unsubstantiated and baseless assertions that Dr. Dacier was a disaffected former employee. Norton should not be able to use Dr. Dacier's absence to make an argument that Norton can make only because Dr. Dacier is absent from trial. And Dr. Dacier's truth should be permitted to be introduced through his emails to Norton's counsel.

---

[1] To prevent similar instances in the future, Norton should be limited to reading the text of emails from Dr. Dacier, and should not be allowed to offer its own interpretation of Dr. Dacier's emails or to speculate regarding Dr. Dacier's meaning.

\* \* \*

Columbia respectfully submits that it is appropriate to use the modified missing witness instruction above, provided that the Court allows the introduction of the Dacier Emails so that the parties can argue the issue of Dr. Dacier's unavailability. Alternatively, the Court should adopt Columbia's version of the missing witness instruction and the Court should clarify that Norton's counsel rendered Dr. Dacier unavailable.

Dated: April 14, 2022

Respectfully submitted,

/s/ *M. F. Connell Mullins, Jr.*

Dana D. McDaniel (VSB No. 25419)
John M. Erbach (VSB No. 76695)
M. F. Connell Mullins, Jr. (VSB No. 47213)
Clay S. Hester (VSB No. 93051)
SPOTTS FAIN, P.C.
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Tel.: (804) 697-2065
Fax: (804) 697-2165
dmcdaniel@spottsfain.com
jerbach@spottsfain.com
cmullins@spottsfain.com
chester@spottsfain.com

Garrard R. Beeney (*pro hac vice*)
Dustin F. Guzior (*pro hac vice*)
Stephen J. Elliott (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
Fax: (212) 558-3588
beeneyg@sullcrom.com
guziord@sullcrom.com
elliotts@sullcrom.com

*Counsel for Plaintiff The Trustees of Columbia University in the City of New York*