**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>    *Plaintiff*,<br><br>v.<br><br>NORTONLIFELOCK INC.,<br><br>    *Defendant*. | Civil Action No. 3:13-cv-00808-MHL |

**STIPULATION REGARDING CERTAIN POST-TRIAL ISSUES**

Plaintiff, The Trustees of Columbia University in the City of New York ("Columbia"), and Defendant NortonLifeLock Inc. ("Norton," and together with Columbia, "the Parties"), by and through their counsel, enter into this stipulation.

WHEREAS, on May 2, 2022, the jury in the above-captioned matter returned a verdict finding that Norton willfully infringed U.S. Patent Nos. 8,074,115 ("the '115 Patent") and 8,601,322 ("the '322 Patent") (together, the "Asserted Patents");

WHEREAS, the jury awarded reasonable royalty damages to Columbia totaling $185,112,727 for Norton's infringement of the Asserted Patents for the period from December 6 , 2011 through February 28, 2022;

WHEREAS, the jury's award equated to 1% of revenue for products found by the jury to infringe (the "Adjudicated Products") that Norton sold from December 6, 2011 through February 28, 2022;

WHEREAS, February 28, 2022 was the latest date for which Norton had produced sales data for the Adjudicated Products;

WHEREAS, the jury's damages award did not include interest or provide damages for sales of Adjudicated Products after February 28, 2022;

WHEREAS, pursuant to 35 U.S.C. § 284 and 28 U.S.C. § 1961(a), Columbia is entitled to an award of (i) prejudgment interest, and (ii) post-judgment interest;

WHEREAS Columbia submits that it is entitled to, (i) supplemental damages for Norton's sales of Adjudicated Products between March 1, 2022 and the date of judgment, and (ii) a post-judgment running royalty for Norton's post-judgment sales of Adjudicated Products and products not materially different from the Adjudicated Products, and Norton does not dispute that position in this case;

WHEREAS, in its May 2, 2022 verdict, the jury further found that Professor Salvatore Stolfo and Professor Angelos Keromytis were joint inventors of U.S. Patent No. 8,549,643 (the "'643 Patent"), together with Darren Shou, but found that Columbia did not prove that Professor Salvatore Stolfo and Professor Angelos Keromytis were the sole inventors of the '643 Patent or that Norton committed fraudulent concealment with regard to the '643 Patent (together, the "'643 Patent Claims");

WHEREAS, the Parties have met and conferred regarding the above issues and have reached agreement on some, but not all, of the issues;

WHEREAS, the Parties retain all rights with respect to issues referred to above except as to agreements that have been reached as set out in this stipulation. The parties agree to address in good-faith the content of the agreements contained herein if the Court's ultimate ruling on post-trial motions impacts the terms of the agreements contained in this stipulation. By example only, were the Court to find on JMOL that Columbia is not entitled to damages for foreign sales, such sales would not be subject to supplemental damages or ongoing royalties under this

stipulation.

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE THAT THE JUDGMENT ENTERED IN THIS MATTER SHALL INCLUDE THE FOLLOWING AND THAT THE PARTIES SHALL PROCEED AS AGREED BELOW**:

1.      Prejudgment interest shall be included on damages for Norton's sales of Adjudicated Products through the date of judgment, calculated at the prime rate in each quarter over which interest accrues, compounded quarterly.  The prime rate shall be calculated based on the rate reflected in the records of the St. Louis Federal Reserve as set out at:  https://fred.stlouisfed.org/categories/117 [fred.stlouisfed.org].

2.      Post-judgment interest shall be included on the total award in the judgment, calculated at the statutory rate under 28 U.S.C. § 1961(a).

3.      Supplemental damages shall be included for sales of Adjudicated Products between March 1, 2022 and the date of judgment (the "Supplemental Damages"), calculated by applying the jury's 1% royalty rate to Norton's revenue for sales of Adjudicated Products, subject to paragraph 7 below.

4.      In order to calculate Supplemental Damages, within 60 days of entry of judgment, Norton shall produce to Columbia updated sales data for the Adjudicated Products for the period from March 1, 2022 through the date of judgment.

5.      A running royalty shall be included for sales of Adjudicated Products after the date of judgment, calculated by applying the jury's 1% royalty rate to Norton's sales of Adjudicated Products after the date of judgment and through the expiration date of the Asserted Patents (the "Post-Judgment Running Royalty"), subject to paragraphs 7 and 8 below.

6.      In order to calculate the Post-Judgment Running Royalty, Norton shall provide to Columbia an accounting of sales of Adjudicated Products, and the judgment shall provide for the accounting and the making of such royalty payments on a quarterly basis, with interest calculated at the prime rate compounded quarterly for late payments (payments more than 90 days after the quarter at issue).

7.      The Parties dispute whether Supplemental Damages and the Post-Judgment Running Royalty rate should be enhanced above the jury's 1% royalty rate.  The parties will brief those issues for the Court in their post-trial submissions.

8.      If Norton contends that it has removed infringing functionality from products sold after the date of judgment, or redesigned products such that Norton contends the products no longer infringe the Asserted Patents, Norton will provide written notice to Columbia. The Parties shall meet and confer in good faith to attempt to resolve any disputes about any such claimed removal or redesign, including any request to produce discoverable evidence that may be relevant to any such claim.

9.      The Parties have agreed **not** to challenge the jury's verdict regarding the '643 Patent Claims in post-trial motions or on appeal, and Norton agrees that the Court should issue an order to be filed with the U.S. Patent and Trademark Office to effectuate the jury's verdict regarding correction of inventorship.

Dated:  June 3, 2022

/s/ John M. Erbach

Dana D. McDaniel (VSB No. 25419)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN, P.C.
411 East Franklin Street, Suite 600
Richmond, Virginia  23219
Tel.: (804) 697-2065
Fax:  (804) 697-2165
dmcdaniel@spottsfain.com
jerbach@spottsfain.com

Garrard R. Beeney (*pro hac vice*)
Dustin F. Guzior (*pro hac vice*)
Stephen J. Elliott (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel.: (212) 558-4000
Fax:  (212) 558-3588
beeneyg@sullcrom.com
guziord@sullcrom.com
elliotts@sullcrom.com

*Counsel for Plaintiff The Trustees of Columbia University in the City of New York*

NORTONLIFELOCK INC.

/s/ Dabney J. Carr, IV

Dabney J. Carr, IV, VSB #28679
dabney.carr@troutman.com
Robert A. Angle, VSB #37691
robert.angle@troutman.com
Laura Anne Kuykendall, VSB #82318
la.kuykendall@troutman.com
TROUTMAN PEPPER HAMILTON
SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

Douglas E. Lumish (*pro hac vice*)
doug.lumish@lw.com
Srinivas Pathmanaban (*pro hac vice*)
giri.pathmanaban@lw.com
Ryan T. Banks (*pro hac vice*)
Ryan.banks@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone:  650.463.4600
LATHAM & WATKINS LLP

David K. Callahan (*pro hac vice*)
david.callahan@lw.com
330 North Wabash Ave., Ste. 2800
Chicago, IL 60611
Telephone: 312.876.7700
LATHAM & WATKINS LLP

Michael Morin *(pro hac vice)*
mike.morin@lw.com
Susan Yates Tull (*pro hac vice*)
susan.tull@lw.com
Benjamin J. Behrendt (*pro hac vice*)
benjamin.behrendt@lw.com
Tiffany C. Weston (*pro hac vice*)
tiffany.weston@lw.com
Richard A. Lowry (*pro hac vice*)
richard.lowry@lw.com
Laura Nguyen (*pro hac vice*)
laura.nguyen@lw.com
555 Eleventh St., NW, Ste. 1000
Washington, D.C. 20004
Telephone:  202.637.2200
LATHAM & WATKINS LLP

*Counsel for Defendant NortonLifeLock Inc.*