**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK,**

        **Plaintiff,**

    **v.**                      **Civil Action No. 3:13cv808**

**GEN DIGITAL INC.,
f/k/a SYMANTEC CORPORATION,
f/k/a NORTONLIFELOCK, INC.,**

        **Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on the Trustees of Columbia University in the City of

New York's ("Columbia") Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P.

50(a) with Respect to Patent Infringement (the "Motion"). (ECF No. 1194.)  During trial, the

Court reserved ruling on the motion. (ECF No. 1219, at 115; Apr. 26 Trial Tr. 2633:8–9.)  For

the following reasons, the Court DENIES AS MOOT Columbia's Motion.

Columbia filed the Motion under Rule 50(a)[1] of the Federal Rules of Civil Procedure

before the case was submitted to the jury. In the Motion, Columbia moves for judgment as a

matter of law on the grounds that Defendant NortonLifeLock, Inc. ("Norton")[2]

> (i) literally infringes all of the Asserted Claims (Claims 2, 11 and 27) of the
> 8,601,322 ("'322") Patent and the Asserted Claim (Claim 2) of the 8,074,115
> ("'115") Patent (together, the "Asserted Claims"); (ii) indirectly infringes the
> Asserted Claims of the '322 Patent through inducement of infringement; (iii)
> indirectly infringes the Asserted Claims of the '322 Patent through contributory
> infringement; (iv) directly infringes the Asserted Claim of the '115 Patent through
> the doctrine of equivalents; (v) infringes the Asserted Claims of the '115 and '322
> Patents with respect to products sold to customers located outside of the United
> States; and (vi) infringes the '115 and '322 Patents willfully.

(ECF No. 1194, at 1.) At trial, the Court reserved ruling on the Motion. (ECF No. 1219, at 115;

Apr. 26 Trial Tr. 2633:8–9.)

On May 2, 2022, the jury returned a verdict. (ECF No. 1206.) The jury found in

Columbia's favor on arguments (i), (ii), (iii), (v), and (vi) raised in Columbia's Motion.

Specifically, the jury's verdict found that Norton (i) literally infringed Claims 2, 11, and 27 of

---

[1] Federal Rule of Civil Procedure 50(a) provides:

> (1) *In General*. If a party has been fully heard on an issue during a jury trial and
> the court finds that a reasonable jury would not have a legally sufficient
> evidentiary basis to find for the party on that issue, the court may:
>
> > (A) resolve the issue against the party; and
> >
> > (B) grant a motion for judgment as a matter of law against the party on a
> > claim or defense that, under the controlling law, can be maintained or
> > defeated only with a favorable finding on that issue.
>
> (2) *Motion*. A motion for judgment as a matter of law may be made at any time
> before the case is submitted to the jury. The motion must specify the judgment
> sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).

[2] The Court previously issued a Notice explaining that it will refer to the Defendant as
"Norton" on a default basis, and why. (ECF No. 1328.)

the '322 Patent and Claim 2 of the '115 Patent (ECF No. 1206, at 2 (question 1), 3 (question 4));

(ii) indirectly infringed the Asserted Claims of the '322 Patent through inducement of

infringement (ECF No. 1206, at 2 (question 2)); (iii) indirectly infringed the Asserted Claims of

the '322 Patent through contributory infringement (ECF No. 1206, at 2 (question 3)); (v)

infringed the Asserted Claims of the '115 and '322 Patents with respect to products sold to

customers located outside of the United States (ECF No. 1206, at 4–5 (questions 9–10)); and (vi)

infringed the '115 and '322 Patents willfully (ECF No. 1206, at 4 (questions 6–7)).

     The jury did not reach Columbia's argument (iv)—infringement of the '115 Patent

through the doctrine of equivalents—because the jury found literal infringement of the Asserted

Claim of the '115 Patent. (ECF No. 1206, at 3 (questions 4–5).) The doctrine of equivalents is a

necessary inquiry only if no literal infringement is found. *Nystrom v. Trex Co., Inc.*, 553 F.

Supp. 2d 628, 633 (E.D. Va. 2008), *aff'd on other grounds*, 580 F.3d 1281 (Fed. Cir. 2009)

(quoting *Warnper–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)) ("[A]

product or process that does not literally infringe upon the express terms of a patent claim may

nonetheless be found to infringe if there is 'equivalence' between the elements of the accused

product or process and the claimed elements of the patented invention.").

The jury's verdict in Columbia's favor renders Columbia's Motion moot. *See* Fed. R. Civ. P. 50 advisory committee's notes to 1991 amendment ("Often it appears to the court or to the moving party that a motion for judgment as a matter of law made at the close of the evidence should be reserved for a post-verdict decision. This is so because a jury verdict for the moving party moots the issue . . . ."). Therefore, given the jury's verdict, the Court DENIES AS MOOT Columbia's Motion. (ECF No. 1194.)

It is SO ORDERED.

Date: September 30, 2023
Richmond, Virginia

M. Hannah Lauck
United States District Judge

4