IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK,

      **Plaintiff,**

v.                             Civil Action No. 3:13cv808

GEN DIGITAL INC.,
f/k/a SYMANTEC CORPORATION,
f/k/a NORTONLIFELOCK, INC.,

      **Defendant.**

## FINAL JUDGMENT IN A CIVIL CASE

This action between Plaintiff The Trustees of the Columbia University in the City of New York ("Columbia") and Defendant Gen Digital, Inc., f/k/a NortonLifeLock, Inc. ("Norton")[1] came before the Court for a trial by jury, and the jury rendered a verdict on May 2, 2022 regarding U.S. Patent Nos. 8,601,322 (the "'322 Patent"), 8,704,115 (the "'115 Patent"), and 8,549,643 (the "'643 Patent"). (ECF No. 1206.)

It is now therefore finally ORDERED and ADJUDGED that:

1.     Norton directly and literally infringed Claims 2, 11, and 27 of the '322 Patent.

2.     Norton indirectly infringed Claims 2, 11, and 27 of the '322 Patent through induced infringement.

3.     Norton indirectly infringed Claims 2, 11, and 27 of the '322 Patent through contributory infringement.

4.     Norton directly and literally infringed Asserted Claim 2 of the '115 Patent.

---

[1] The Court previously issued a Notice explaining that it would refer to the Defendant as "Norton" on a default basis, and why. (ECF No. 1328.)

5. Norton willfully infringed the '322 Patent.

6. Norton willfully infringed the '115 Patent.

7. The infringing product sold to customers located outside of the United States was made in the United States.

8. The infringing product sold to customers located outside of the United States was distributed from the United States.

9. Professor Salvatore Stolfo and Professor Angelos Keromytis were joint inventors of the '643 Patent, together with Darren Shou.

10. Pursuant to the jury's verdict, Columbia is awarded a reasonable royalty for Norton's past infringement of One Hundred Eighty-Five Million One Hundred Twelve Thousand Seven Hundred Twenty-Seven Dollars ($185,112,727.00) for the period from December 6, 2011 to February 28, 2022. Of this total amount, Ninety-One Million Seventy-Five Thousand Four Hundred Sixty-Two Dollars ($91,075,462.00) is for sales to customers located in the United States.

11. The reasonable royalty includes a royalty for Norton's sales to customers located outside of the United States. Of the total reasonable royalty award, Ninety-Four Million Thirty-Seven Thousand Two Hundred Sixty-Five Dollars ($94,037,265.00) is for sales to customers located outside of the United States.

12. Pursuant to the parties' stipulation, Columbia is awarded pre-verdict interest for the period from December 6, 2011, to February 28, 2022, in the amount of Forty-Six Million Four Hundred Twenty-Eight Thousand One Hundred Fifty Dollars ($46,428,150.00). (ECF No. 1335 (sealed), at 4.)

13. Pursuant to the parties' stipulation, Columbia is awarded supplemental damages for "sales of infringing products between March 1, 2022 and the entry of judgment," to be "calculated by applying the jury's 1% royalty rate to Norton's revenue for sales of Adjudicated Products" during the relevant time frame. (ECF No. 1247, at 7.)

14. Pursuant to the parties' stipulation, Columbia is awarded pre-judgment interest for "sales of Adjudicated Products through the date of judgment." (ECF No. 1247, at 3.) The calculation of this prejudgment interest shall proceed according to the terms of the parties' stipulation. (ECF No. 1247, at 3.)

15. Pursuant to the parties' stipulation, Columbia is awarded a post-judgment running royalty for "sales of infringing products after the date of judgment," calculated "by applying the jury's 1% royalty rate to Norton's sales of Adjudicated Products after the date of judgment and through the expiration of the Asserted Patents." (ECF No. 1247, at 3.) The calculation, accounting, and making of post-judgment running royalty payments shall proceed according to the terms of the parties' stipulation. (ECF No. 1247, at 6.)

16. Pursuant to the parties' stipulation, Columbia is entitled to an award of post-judgment interest . . . on the total amount in the judgment, calculated at the statutory rate under 28 U.S.C. § 1961(a)."[3] (ECF No. 1247, at 3.)

---

[3] Section 1961 reads:

(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

17. Columbia is awarded enhanced damages of 2.6 times the jury's award of One Hundred Eighty-Five Million One Hundred Twelve Thousand Seven Hundred Twenty-Seven Dollars ($185,112,727.00), for a total damages award of Four Hundred Eighty One Million Two Hundred Ninety Three Thousand Ninety Dollars ($481,293,090.00). (ECF No. 1334.)

18. Columbia is awarded reasonable attorneys' fees related to the post-remand litigation misconduct identified in the Court's Memorandum Opinion re: Columbia's Motion for Enhanced Damages Under 35 U.S.C. § 284 and Columbia's Motion for Attorneys' Fees Under 35 U.S.C. § 285. (ECF No. 1333 (sealed).) The Parties are ORDERED to meet and confer in good faith within 30 days from the date of this Final Judgment in an effort to reach a stipulation on the fee award. In the event the parties cannot reach a stipulation on this issue, the parties may file an appropriate fee petition to resolve any further dispute. (ECF No. 1334.)

---

> (b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.
>
> (c)
>> (1) This section shall not apply in any judgment of any court with respect to any internal revenue tax case. Interest shall be allowed in such cases at the underpayment rate or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code of 1986.
>>
>> (2) Except as otherwise provided in paragraph (1) of this subsection, interest shall be allowed on all final judgments against the United States in the United States Court of Appeals for the Federal [C]ircuit, at the rate provided in subsection (a) and as provided in subsection (b).
>>
>> (3) Interest shall be allowed, computed, and paid on judgments of the United States Court of Federal Claims only as provided in paragraph (1) of this subsection or in any other provision of law.
>>
>> (4) This section shall not be construed to affect the interest on any judgment of any court not specified in this section.

28 U.S.C. § 1961.

The Court ENTERS FINAL JUDGMENT against Norton and DIRECTS the Court to close the case.

It is SO ORDERED.

Date: September 30, 2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge