# EXHIBIT A

**From:** Nathan Hamstra <nathanhamstra@quinnemanuel.com>
**Sent:** Thursday, June 4, 2020 12:54 PM
**To:** Guzior, Dustin; Seaman, Gillian P.; Richard Erwine; 'dabney.carr@troutman.com'; *ColumbiaSymantecTeam; 'John Erbach'; 'dmcdaniel@spottsfain.com'; Beeney, Garrard R.; Elliott, Stephen J.; Ra, Sandy; Erickson, Matthew P.; Stretton, Paul S.; Ecker, Jessica R.; Riggs, Collin R.; Graham, Christopher A.
**Subject:** RE: [EXTERNAL] RE: Columbia v. Norton - PTO Meet & Confer

Dustin,

Looking at the insert Columbia placed in its draft of the joint pretrial order, I think we may just have a different understanding of what "triable" means. Courts regularly try legal questions outside the presence of the jury, such as questions of law, or equitable defenses. Even if solely questions of law without any factual underpinnings, those are still triable issues that may be resolved by the Court. There need not be underlying factual questions for an issue to be triable.

Aside from that, I think this discussion has generally run its course. Norton's Section 101 defense is a question of law. Prosecution history estoppel is also a question of law. In Norton's view, the Court has not ruled on those issues, and Norton believes those legal questions should be resolved by the Court outside the presence of the jury. As to the exact mechanics of how the Court wishes to address these issues, we will defer to the Court's preference.

We are not describing a motion for reconsideration. We are describing an adjudication of the Section 101 question in which Columbia does not receive the benefit of the inferences it received in the Rule 12 context.

---

**From:** Guzior, Dustin [mailto:guziord@sullcrom.com]
**Sent:** Thursday, June 4, 2020 10:52 AM
**To:** Nathan Hamstra ; Seaman, Gillian P. ; Richard Erwine ; 'dabney.carr@troutman.com' ; *ColumbiaSymantecTeam ; 'John Erbach' ; 'dmcdaniel@spottsfain.com' ; Beeney, Garrard R. ; Elliott, Stephen J. ; Ra, Sandy ; Erickson, Matthew P. ; Stretton, Paul S. ; Ecker, Jessica R. ; Riggs, Collin R. ; Graham, Christopher A.
**Subject:** RE: [EXTERNAL] RE: Columbia v. Norton - PTO Meet & Confer

**[EXTERNAL EMAIL]**

---

Dear Nate,

Thanks for the additional information. On our call, you said that both issues would be covered in a proposed bench trial. Can you confirm that is Norton's position?

We still do not understand what you expect to try regarding these issues because (i) "step one" is purely a legal question (and there is no need to move to "step two" if the issue is resolved in favor of the patent at "step one"), and (ii) prosecution history estoppel is a question of law without factual underpinnings. In order to collaborate on the PTO, would it be possible to have an explanation of these points? Regarding 101, you seem to be describing a motion for reconsideration—perhaps a post-trial motion for reconsideration—but we are not understanding what facts are to be tried.

We disagree with your characterization of the legal rulings in the Court's order against Norton on 101, but I think we are unlikely to reach agreement on that.

Thanks,

Dustin

___________________________

Dustin F. Guzior
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
(212) 558-4482

---

**From:** Nathan Hamstra <nathanhamstra@quinnemanuel.com>
**Sent:** Thursday, June 04, 2020 10:38 AM
**To:** Guzior, Dustin <guziord@sullcrom.com>; Seaman, Gillian P. <seamang@sullcrom.com>; Richard Erwine <richarderwine@quinnemanuel.com>; 'dabney.carr@troutman.com' <dabney.carr@troutman.com>; *ColumbiaSymantecTeam <ColumbiaSymantecTeam@sullcrom.com>; 'John Erbach' <jerbach@spottsfain.com>; 'dmcdaniel@spottsfain.com' <dmcdaniel@spottsfain.com>; Beeney, Garrard R. <Beeneyg@sullcrom.com>; Elliott, Stephen J. <elliotts@sullcrom.com>; Ra, Sandy <rasa@sullcrom.com>; Erickson, Matthew P. <ericksonm@sullcrom.com>; Stretton, Paul S. <strettonp@sullcrom.com>; Ecker, Jessica R. <eckerj@sullcrom.com>; Riggs, Collin R. <riggsc@sullcrom.com>; Graham, Christopher A. <grahamch@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: Columbia v. Norton - PTO Meet & Confer

Dustin,

In the Court's Rule 12(c) order, the Court repeatedly stated that it was drawing inferences in Columbia's favor in arriving at its decision due to the procedural posture of Norton's motion. There is nothing to suggest that the Court ruled in Columbia's favor as a matter of law. Those inferences included inferences regarding claim scope that, Norton submits, are inconsistent with the claim scope Columbia must assert in its infringement case. Norton believes that the Court should only rule on its Section 101 after undertaking a Section 101 analysis (including *Alice* steps one and two) applying the actual scope to which Columbia contends it is entitled (based on a full record, including Columbia's infringement allegations), rather than drawing inferences that, e.g., the claims are limited in various ways not consistent with Columbia's actual infringement allegations. Dkt. 288 at 17-19.

I do not recall the prosecution history estoppel conversation you reference below, but we offer prosecution history estoppel arguments with respect to the application community limitation, the different computer limitation, and the random selection limitations.

---

**From:** Guzior, Dustin [mailto:guziord@sullcrom.com]
**Sent:** Wednesday, June 3, 2020 7:50 PM
**To:** Nathan Hamstra <nathanhamstra@quinnemanuel.com>; Seaman, Gillian P. <seamang@sullcrom.com>; Richard Erwine <richarderwine@quinnemanuel.com>; 'dabney.carr@troutman.com' <dabney.carr@troutman.com>; *ColumbiaSymantecTeam <ColumbiaSymantecTeam@sullcrom.com>; 'John Erbach' <jerbach@spottsfain.com>; 'dmcdaniel@spottsfain.com' <dmcdaniel@spottsfain.com>; Beeney, Garrard R. <Beeneyg@sullcrom.com>; Elliott, Stephen J. <elliotts@sullcrom.com>; Ra, Sandy <rasa@sullcrom.com>; Erickson, Matthew P. <ericksonm@sullcrom.com>; Stretton, Paul S. <strettonp@sullcrom.com>; Ecker, Jessica R. <eckerj@sullcrom.com>; Riggs, Collin R. <riggsc@sullcrom.com>; Graham, Christopher A. <grahamch@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: Columbia v. Norton - PTO Meet & Confer

**[EXTERNAL EMAIL]**

---

Nate,

Thanks for the update. We will send a clean and redline version of the PTO tomorrow.

In Norton's 101 briefing, Norton plainly stated there are no factual issues that need to be resolved for the 101 eligibility analysis. The Court ruled in Columbia's favor as a matter of law at "step one." We hear (but do not understand) your position. It is wrong, and we will let the Court decide whether the Court meant what it said in its 101 ruling against you.

On the call, my colleague Steve Elliot asked what you expected to try regarding 101, and you said "I don't know," but that you expected it would be a bench trial of an issue. What does Norton expect to try regarding 101, separately, for "step one" and "step two"? To simplify issues for the Court, please also let us know if it is Norton's position that "step one" presents triable issues of fact. Let us know if it is easier to explain on a call.

You also agreed to get back to use about prosecution history estoppel. On our call, you said you agreed it was a question of law, but there should be a "bench trial" on an issue. You agreed to get back to us on what issue would be tried. What is the answer? Again, we are happy to schedule a call.

Many thanks,

Dustin

---

**From:** Nathan Hamstra <nathanhamstra@quinnemanuel.com>
**Date:** Wednesday, Jun 03, 2020, 8:30 PM
**To:** Guzior, Dustin <guziord@sullcrom.com>, Seaman, Gillian P. <seamang@sullcrom.com>, Richard Erwine <richarderwine@quinnemanuel.com>, 'dabney.carr@troutman.com' <dabney.carr@troutman.com>, *ColumbiaSymantecTeam <ColumbiaSymantecTeam@sullcrom.com>, 'John Erbach' <jerbach@spottsfain.com>, 'dmcdaniel@spottsfain.com' <dmcdaniel@spottsfain.com>, Beeney, Garrard R. <Beeneyg@sullcrom.com>, Elliott, Stephen J. <elliotts@sullcrom.com>, Ra, Sandy <rasa@sullcrom.com>, Erickson, Matthew P. <ericksonm@sullcrom.com>, Stretton, Paul S. <strettonp@sullcrom.com>, Ecker, Jessica R. <eckerj@sullcrom.com>, Riggs, Collin R. <riggsc@sullcrom.com>, Graham, Christopher A. <grahamch@sullcrom.com>
**Subject:** [EXTERNAL] RE: Columbia v. Norton - PTO Meet & Confer

Dustin,

On our meet and confer yesterday, you said something to the effect that you believe that the Court's rule 12(c) order disposed of Norton's section 101 defense, and asked us to review that order again. We have done so, and do not see how the Court's order could be interpreted in that way. The Court repeatedly stated that it was drawing every inference in Columbia's favor in arriving at its conclusion.

You referenced a CardioNet Federal Circuit decision, presumably referring to the April 17 decision in case no. 2019-1149, but we do not see how that decision has any bearing on the question.

We do not agree to withdraw the section 101 defense.

**From:** Guzior, Dustin [mailto:guziord@sullcrom.com]
**Sent:** Tuesday, June 2, 2020 2:22 PM
**To:** Seaman, Gillian P. <seamang@sullcrom.com>; Nathan Hamstra <nathanhamstra@quinnemanuel.com>; Richard Erwine <richarderwine@quinnemanuel.com>; 'dabney.carr@troutman.com' <dabney.carr@troutman.com>; *ColumbiaSymantecTeam <ColumbiaSymantecTeam@sullcrom.com>; 'John Erbach' <jerbach@spottsfain.com>; 'dmcdaniel@spottsfain.com' <dmcdaniel@spottsfain.com>; Beeney, Garrard R. <Beeneyg@sullcrom.com>; Elliott, Stephen J. <elliotts@sullcrom.com>; Ra, Sandy <rasa@sullcrom.com>; Erickson, Matthew P. <ericksonm@sullcrom.com>; Stretton, Paul S. <strettonp@sullcrom.com>; Ecker, Jessica R. <eckerj@sullcrom.com>; Riggs, Collin R. <riggsc@sullcrom.com>; Graham, Christopher A. <grahamch@sullcrom.com>
**Subject:** RE: Columbia v. Norton - PTO Meet & Confer

**[EXTERNAL EMAIL]**

---

Dear Nate & Rich,

During our call this afternoon regarding the PTO, there were several identified facts that you seemed to agree were not in dispute (e.g., the dollar amount of sales for accused products and the fact that an NDA was entered into between Columbia and Norton on November 29, 2004), but you would not stipulate to them because you thought they lacked context. As we understood your concern, you thought that if the undisputed facts were read to the jury at the start of the case, they would be confusing because of lack of context. We thought through this a bit and spoke with local counsel. We had not intended (and we understand that local practice would normally not provide) to have the parties read all stipulated facts to the jury at the start of the case. Rather, for example, the first time an expert discusses sales data, the parties would note for the court and the jury that a particular fact is stipulated.

If it would help, we think we could agree on a set of stipulations to be read to the jury at the start of the case (e.g., who the parties are and facts about the patents), and a separate set of stipulated facts that could be raised in context as the case proceeds. Given that there was a large number of undisputed facts, we believe it would be inefficient to proceed as if they were disputed merely because of a concern about context. Should it become necessary to spend time proving undisputed facts during trial, it could cause certain witnesses to testify for longer periods than they should, needlessly extending the trial.

Before our 5:30pm ET call, please give some thought to whether your concerns could be addressed in this manner.

Thank you,

Dustin

________________________

Dustin F. Guzior
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
(212) 558-4482

-----Original Appointment-----
**From:** Seaman, Gillian P. <seamang@sullcrom.com>
**Sent:** Tuesday, June 02, 2020 2:11 PM
**To:** Seaman, Gillian P.; Guzior, Dustin; 'nathanhamstra@quinnemanuel.com'; 'richarderwine@quinnemanuel.com'; 'dabney.carr@troutman.com'; *ColumbiaSymantecTeam; 'John Erbach'; 'dmcdaniel@spottsfain.com'; Beeney, Garrard

R.; Elliott, Stephen J.; Ra, Sandy; Erickson, Matthew P.; Stretton, Paul S.; Ecker, Jessica R.; Riggs, Collin R.; Graham, Christopher A.
**Subject:** Columbia v. Norton - PTO Meet & Confer
**When:** Tuesday, June 02, 2020 5:30 PM-6:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** 1-888-453-4408/276448

**Conference Line**
Local - USA (Int'l Toll): 1-719-867-4928
Toll free - USA: 1-888-453-4408

**Passcode**:
276448

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

---

****This is an external message from:** nathanhamstra@quinnemanuel.com **