**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,

*Plaintiff*

v.

GEN DIGITAL INC.,

*Defendant*

Civil Action No. 3:13-cv-00808-MHL

**GEN DIGITAL INC.'S STATEMENT IN RESPONSE TO THE COURT'S APRIL 13, 2026 ORDER (DKT. 1390)**

Defendant Gen Digital Inc. hereby responds to the Court's April 13, 2026 Order (Dkt. 1390), instructing the parties to submit their positions on how this case should proceed on remand from the Federal Circuit in *Trs. of Columbia Univ. in the City of New York v. Gen Digital Inc.*, 169 F.4th 1320, 1333, 1341 (Fed. Cir. 2026).

## I. INTRODUCTION

The Federal Circuit remanded "solely" for consideration of a factual issue underlying the § 101 eligibility of the asserted claims of U.S. Patent Nos. 8,601,322 ("'322 patent") and 8,074,115 ("'115 patent"): whether, at *Alice* step two, the claimed "model of function calls" feature was conventional. *Id*. at 1333. To give effect to the Federal Circuit's directive, Gen Digital proposes: (a) limited discovery on that factual issue, (b) summary judgment motions addressing that issue, and (c) if necessary, a jury trial on that issue. If the claims are found ineligible under § 101, that ends the case. *See id.* at 1326, 1341. Alternatively, "only if the patent claims are determined to be eligible," the Federal Circuit directed this Court "to reduce the damages award to eliminate the royalty based on foreign sales and reconsider its attorneys' fees and enhanced damages decisions" in light of the Federal Circuit's decision. *Id.*

## II. THE NARROW REMAND AND PROCEDURAL POSTURE

In its decision, the Federal Circuit held that the asserted claims of the '322 and '115 patents are abstract at *Alice* step one, vacated this Court's denial of judgment on the pleadings, and "remand[ed] for [this Court] to solely consider, at step two, the question whether the claimed model of function calls feature was conventional." *Id.* at 1326, 1328-33; *see Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217-18, 221-22 (2014). In doing so, the Federal Circuit explained that the dispute over the conventionality of that feature is a factual issue that precluded judgment on the pleadings. *Trs. of Columbia*, 169 F.4th at 1333. The Federal Circuit further noted that this Court "did not reach step two of the *Alice* analysis" and that the § 101 issue "was not litigated at

trial nor submitted to the jury because [this Court] struck the issue *sua sponte*." *Id.* at 1327, 1328 n.4.

Columbia contends that this Court should consider "whether the claimed model of function calls, alone *and in combination with the other claim elements*, was well understood, routine, and conventional." But that improperly expands the Federal Circuit's remand. The Federal Circuit first rejected *all* of Columbia's step one arguments, including the asserted significance of emulators; the divide-and-conquer approach using multiple computers; the purported use of an application community, non-standard models, and selective emulation; and the combination of elements. *Trs. of Columbia*, 169 F.4th at 1329-32; *see Trs. of Columbia Univ. in the City of N.Y. v. Gen Digital, Inc.*, No. 24-1243, Dkt. 50, 2024 WL 3496598 at *36 (Fed. Cir. July 15, 2024). The Federal Circuit then considered the claim elements "both individually and 'as an ordered combination,'" and rejected *all but one* of Columbia's step two arguments, which largely rehashed its step one arguments and had "no more merit at step two than they had at step one." *Trs. of Columbia*, 169 F.4th at 1332-33. But the court identified "*one* argument at step two that merits further attention": whether "the 'model of function calls' supplies an inventive concept *itself*." *Id.* at 1333 (emphasis added). Accordingly, the Federal Circuit narrowly remanded on "the question whether the claimed *model of function calls feature* was conventional." *Id.* (emphasis added). This Court should not permit Columbia to relitigate an "ordered combination" inquiry that the Federal Circuit already rejected.

When the Federal Circuit intends a broader factual inquiry, it says so. In *Optis Cellular Tech., LLC v. Apple Inc.*, for example, the Federal Circuit remanded for the district court to "determine whether claims 6 and 7 of the [patent at issue] contain *any inventive concept* beyond the abstract idea." 139 F.4th 1363, 1380 (Fed. Cir. 2025) (emphasis added). In contrast, here, the

Federal Circuit did not ask this Court to search for "any inventive concept" across the claims; it remanded to "solely consider" the conventionality of one feature—the "model of function calls"—and determine whether that feature "supplies an inventive concept itself." *Trs. of Columbia*, 169 F.4th at 1333.

## III. GEN DIGITAL'S PROPOSED PROCEDURE

### A. Limited Expert Discovery

Because the Federal Circuit has identified a factual question that this Court "did not reach" and that "was not litigated at trial," *Trs. of Columbia*, 169 F.4th at 1327, 1328 n.4, Gen Digital requests limited expert discovery confined to the single issue of whether the claimed "model of function calls" was conventional. Discovery need not be overly extensive or time-consuming: Gen Digital proposes one technical expert report per side and one deposition per side, with expert reports due 60 days after the Federal Circuit's mandate and depositions within 30 days thereafter.[1] Gen Digital respectfully submits that these experts would significantly crystallize the sole remaining § 101 issue for both this Court and the Federal Circuit in any further appeals.

Columbia urges the Court to deny any new discovery, freeze the record as it stood in December 2021, and proceed directly to trial. But the Federal Circuit provided no such procedural directive, let alone one prohibiting expert discovery. Columbia's position would deny the parties any opportunity to develop additional evidence on the factual question that prompted the remand.[2]

---

[1] This Court does not have jurisdiction until the Federal Circuit issues its mandate. *See Tronzo v. Biomet, Inc.*, 318 F.3d 1378, 1380 (Fed. Cir. 2003) ("[T]he district court regains jurisdiction when the appellate mandate issues."). Given Columbia's request for panel rehearing, the issuance of that mandate is not likely to occur for several weeks. *See* Fed. R. App. P. 41(b).

[2] To be clear, while Gen Digital is seeking additional expert discovery now, there is already considerable factual evidence on this issue in the trial record, including in the prior trial transcript, which Columbia also relied on when arguing step two before the Federal Circuit. *See Trs. of Columbia*, No. 24-1243, Dkt. 50, 2024 WL 3496598 at *44-45.

Presumably, in remanding that narrow issue, the Federal Circuit wanted it decided on a complete and fulsome record, so this Court can make a fully informed decision and so that the Federal Circuit can do the same, in the appeal that will inevitably follow.

Columbia suggests that the Federal Circuit merely "found it was error for this Court to strike Gen Digital's Section 101 defense before trial." That is incorrect. The Federal Circuit "vacate[d]" this Court's denial of Gen Digital's motion for judgment on the pleadings, "reverse[d]" this Court's ruling that the claims are eligible at *Alice* step one, and remanded for consideration of a particular fact issue at *Alice* step two. *Trs. of Columbia*, 169 F.4th at 1328, 1341. The Federal Circuit's ruling materially changes the posture and warrants discovery on that fact issue.[3] Gen Digital respectfully submits that targeted discovery would benefit this Court—and ultimately the Federal Circuit—in assessing the § 101 issue.

**B. Summary Judgment**

Following that limited expert discovery the Court should permit the parties to submit summary judgment motions. *See, e.g.*, *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) ("When there is no genuine issue of material fact regarding whether the claim element or claimed combination is well-understood, routine, [and] conventional to a skilled artisan in the relevant field, this issue can be decided on summary judgment as a matter of law."). Although the Federal Circuit identified a factual dispute sufficient to preclude judgment on the pleadings, that holding does not foreclose resolution on summary judgment on remand. *See id*.[4]

[3] "The presumption of validity found in § 282 is reflected in the standard of proof required to prove invalidity, clear and convincing evidence." *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012). There is no dispute that this standard applies to genuine issues of material fact underlying the § 101 inquiry. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

[4] Even on the current record, Gen Digital believes that summary judgment is proper, but that additional expert discovery will be beneficial for thorough consideration of the issue.

While Gen Digital did not previously move for summary judgment on step two, the Federal Circuit expressly noted that the district court "did not reach step two of the *Alice* analysis" and that the § 101 issue "was not litigated at trial nor submitted to the jury because the district court struck the issue *sua sponte*." *Trs. of Columbia*, 169 F.4th at 1327, 1328 n.4. In addition, Gen Digital notes that its motion for judgment on the pleadings was still pending as of the deadline for filing summary judgment motions (November 18, 2019). Dkt. 261-4. This Court denied Gen Digital's motion for judgment on the pleadings the next day (November 19, 2019). Dkt. 288. The Federal Circuit has now "vacate[d]" that denial and remanded for consideration of a fact issue at step two. *Trs. of Columbia*, 169 F.4th at 1328.

Accordingly, this Court should permit summary judgment motions to address the Federal Circuit's remand issue, which may obviate the need for a trial altogether.[5]

**C. Jury Trial**

If a genuine dispute of material fact remains after summary judgment, the Seventh Amendment entitles Gen Digital to a jury trial limited to the sole fact issue remanded to this Court: whether the claimed "model of function calls" was conventional.

Gen Digital's request aligns with its initial demand for a trial by jury. Dkt. 20 at 27 (acknowledging that Columbia "requested a trial by jury, and joins in that demand"), 28 (identifying a 35 U.S.C. § 101 defense); Dkt. 345 at 25 (same jury demand), 26 (same defense); Dkt. 632 at 1 ("JURY TRIAL DEMANDED"). Once a jury trial demand is made, all triable issues must be submitted to the jury unless the parties stipulate otherwise or the Court "finds that on some

[5] Gen Digital never said summary judgment was inherently "improper" for § 101, as Columbia now suggests. Gen Digital stated that Columbia's attempt to obtain what amounted to partial summary judgment on Gen Digital's § 101 defense was improper because Columbia had not filed a proper summary judgment motion.

or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). District courts routinely recognize the right to a jury trial on *Alice* step two issues. *See, e.g.*, *Infernal Tech., LLC v. Sony Interactive Ent. LLC*, No. 2:19-cv-00248, 2021 WL 405813, at *3 (E.D. Tex. Feb. 3, 2021) (recognizing step two "is a question of fact, appropriate for jury determination"); *Innovation Scis., LLC v. Amazon.com, Inc.*, No. 4:18-cv-474, 2021 WL 2075677, at *5 (E.D. Tex. May 24, 2021); *TRUSTID, Inc. v. Next Caller, Inc.*, No. 18-172, 2022 WL 318299, at *1 n.5 (D. Del. Jan. 5, 2022).

Gen Digital never withdrew or waived its right to a jury trial on § 101. There is a heavy presumption against waiver, and any ambiguity is typically resolved in favor of preserving Seventh Amendment rights. *See Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937) ("[C]ourts indulge every reasonable presumption against waiver."). Moreover, the parties never stipulated to withdraw parallel requests for a jury trial and the § 101 issue is one in which "there is [a] federal right to a jury trial." *See* Fed. R. Civ. P. 39(a); *Infernal Tech.*, 2021 WL 405813, at *3.

Columbia argues that Gen Digital "requested a bench trial" on its § 101 defense. But at that point, that request was expressly based on the understanding that there were no factual issues to be tried on the § 101 inquiry, such that a bench trial would be appropriate. Dkt. 555 at 55 ("In Norton's view, the Court has not ruled on those issues, and Norton believes those *legal questions* should be resolved by the Court outside the presence of the jury.") (emphasis added). The Federal Circuit has now held otherwise, and ruled that the remaining issue is one of fact. As such, Gen Digital has a constitutional right to a trial by jury, which it has by no means waived.

Columbia's reliance on *United States v. 1966 Beechcraft Aircraft*, 777 F.2d 947 (4th Cir. 1985), is unavailing. In that case, the Fourth Circuit found waiver because the claimants had full notice that the district court intended to decide the dispositive factual issues without a jury, yet "fully and vigorously participated in the bench trial, making no mention of their early jury demand"

until appeal. *Id*. at 950-51. The court emphasized that waiver required notice and acquiescence. *Id.* Here, the "§ 101 issue was not litigated at trial nor submitted to the jury because the district court struck the issue *sua sponte*." *Trs. of Columbia*, 169 F.4th at 1327, 1328 n.4. The element of waiver-by-conduct that *Beechcraft* requires is entirely absent.

Whether or not Columbia ultimately elects a jury trial—a decision Columbia says depends on the rehearing petition—Gen Digital independently holds a Seventh Amendment right to a jury on the remanded step two factual question. *See*, *e.g.*, *Prolitec Inc.* v. *ScentAir Techs., LLC*, 770 F. Supp. 3d 730, 747 (D. Del. 2025); *see also Optis*, 139 F.4th at 1380 n.11. Thus, if the step two issue is not resolved at summary judgment, it should proceed to a jury trial as Gen Digital respectfully requests.

**D. Any Remaining Issues**

As Columbia notes, it has filed a petition for rehearing of the Federal Circuit's decision reversing damages for foreign sales, which Gen Digital will timely oppose. *See Trs. of Columbia Univ. in the City of N.Y.* v. *Gen Digital, Inc.*, No. 24-1243, Dkt. 138 (Fed. Cir. Apr. 10, 2026). If Columbia's petition is denied, the sole remaining action on foreign sales is the ministerial reduction of the damages award per the Federal Circuit's instruction. *Trs. of Columbia*, 169 F.4th at 1341. If the petition is granted and the foreign sales issue is remanded, any further proceedings on that issue will be governed by the Federal Circuit's directions on remand and should be addressed at that time.

As noted by the Federal Circuit, the issues of enhanced damages and attorneys' fees are ripe only if the claims are ultimately found eligible. *Id.* at 1333 ("[T]hese issues may again be relevant on remand, depending on whether the claims are determined to be patent eligible."). Accordingly, Gen Digital agrees with Columbia that these issues should be deferred until after the Court resolves the issue of eligibility under § 101.

Dated: April 20, 2026

Respectfully submitted,

By: _____/s/_____

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
Troutman Pepper Locke LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: 804.697.1200
Facsimile: 804.697.1339
dabney.carr@troutman.com
robert.angle@troutman.com

Douglas E. Lumish (*pro hac vice*)
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650.802.3190
doug.lumish@weil.com

Michael Morin (*pro hac vice*)
Gabriel K. Bell (*pro hac vice*)
Richard A. Lowry (*pro hac vice*)
Ashley N. Finger (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh St., NW, Ste. 1000
Washington, DC 20004
Telephone: 202.637.2200
mike.morin@lw.com
gabriel.bell@lw.com
richard.lowry@lw.com
ashley.finger@lw.com

*Counsel for Defendant Gen Digital Inc.*