**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,**

**Plaintiff,**

**Civil Action No. 3:13-cv-808**

**v.**

**GEN DIGITAL INC.,**
f/k/a SYMANTEC CORPORATION,
f/k/a NORTONLIFELOCK INC.,

**Defendant.**

# ORDER

This matter comes before the Court on Plaintiff The Trustees of Columbia University in the City of New York's ("Columbia") Motion to Seal (the "Motion"). (ECF No. 1394.) On April 20, 2026, Columbia filed a response, (ECF No. 1399), to this Court's April 2, 2026 Order requiring the parties to file their positions as to how this matter should proceed on remand from the United States Court of Appeals for the Federal Circuit, (ECF No. 1388). Columbia attached to its response two exhibits, Exhibits B and C, that it filed under seal. (ECF Nos. 1399-2, 1399-3.) Columbia contemporaneously filed the instant Motion seeking to seal those exhibits. (ECF No. 1394.)

In the Motion, Columbia explains that Defendant Gen Digital Inc. ("Gen Digital") previously designated these exhibits as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" "pursuant to the Protective Order entered in this case." (ECF No. 1394, at 1 (citing ECF No. 66).) Columbia further explained that it moves to seal these exhibits "solely because they contain information that Gen Digital has designated" as confidential under the protective order.

(ECF No. 1395, at 1.) Columbia otherwise "takes no position with respect to whether such materials meet the standards to seal documents in the [United States Court of Appeals for the] Fourth Circuit." (ECF No. 1394, at 1.) On April 27, 2026, Gen Digital filed a response to Columbia's Motion. (ECF No. 1401.) In its response, Gen Digital explains that it "has reviewed Exhibits B and C and determined they do not contain any confidential information which needs to be filed under seal. Accordingly, Gen Digital does not believe Exhibits B and C must be sealed." (ECF No. 1401, at 1–2.)

The Local Rules of the Eastern District of Virginia provide that when a party files a motion to seal documents, that party must also file contemporaneously a non-confidential memorandum that includes:

> (1) A non-confidential description of what material has been filed under seal;
>
> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
>
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; [and]
>
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

E.D. Va. Loc. R. 5(C). But when a party "moves to file material under seal because another party has designated that material as confidential, *the party designating the material as confidential* must file a response to the motion complying with requirements (2), (3), and (4) above." *Id.* (emphasis added).

Columbia asserts that Gen Digital was the party who designated the documents contained in Exhibits B and C as confidential. (ECF No. 1395, at 2.) In its response, Gen Digital neither confirms nor denies that it was the designating party. Regardless of which party designated the

exhibits as confidential prior to the filing of the Motion, neither party has satisfied the requirements of Local Rule 5(C). Neither party has provided a "statement why sealing is necessary, and why another procedure will not suffice"; "[r]eferences to the governing case law"; nor "a statement as to the period of time the party seeks to have the matter maintained under seal." E.D. Va. Loc. R. 5(C).

Without such a showing on the record, the Court DENIES the Motion. The Court further ORDERS Columbia to file unsealed copies of the exhibits on the record no later than May 29, 2026 at 5:00 p.m.

It is SO ORDERED.

/s/
M. Hannah Lauck
Chief United States District Judge

Date: 5/27/26
Richmond, Virginia